IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2: 25-cv-4210-MDH |
| ) | |
| BOONE COUNTY, MISSOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 11). Plaintiffs move the Court to remand this cause of action back to the Circuit Court of Boone County, State of Missouri pursuant to 28 U.S.C. § 1447(c). Plaintiffs argue that the Notice of Removal is procedurally defective for failing to include a copy of all process, pleadings, and orders at the time of removal, as required by 28 U.S.C. § 1447(a). In addition, Plaintiffs argue certain co-defendants abandoned their right to a federal forum and any of their later-filed consents were untimely. The motion is ripe for review.

## BACKGROUND

On June 30, 2025, Plaintiffs filed this matter in the Circuit Court of Boone County, State of Missouri. Along with other state-law claims for wrongful death and medical malpractice, Plaintiffs' suit alleges civil rights violations under 42 U.S.C. § 1983. Plaintiffs named numerous defendants in their official and individual capacities.

Defendants Christopher O'Toole, Aaron Light, Branden Austin, Leland Volner, Nicholas Fisher, Melissa Castaldi, and Alex Oberly (represented by Newman, Comely & Ruth, P.C.) removed this action on September 29, 2025.

1

Defendants Advanced Correctional Healthcare, Inc.; Dr. Alan Weaver; Angela Hutchison; Lisa Long; Jared Bethel; and Jessie Caldwell (represented by Eckenrode-Bauman, Attorneys at Law) filed their consent to removal on September 29, 2025.

Defendants Boone County, Missouri; Dwayne Carey; and Damon Reynolds (represented by Vessell Bridges Murphy Law Offices) filed their consent to removal on October 1, 2025.

Defendant Gavin Foster filed a consent to removal on October 9, 2025 and defendant Kent Richardson filed a consent to removal on October 13, 2025.

On October 27, 2025, a consent motion for a protective Order was filed and the Court entered a protective order on that same day. On October 28, 2025, Plaintiffs filed their motion to remand.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id*. An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b).

28 U.S.C. § 1446 governs the process for removal and states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(b) states the notice of removal shall be filed within 30 days after the receipt by the defendant. It further states:

> (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

"Generally, each defendant must consent to removal within thirty days after being served with the initial pleading." *Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017) (citing 28 U.S.C. § 1446(b)(2)(A),(B)). In cases involving multiple defendants served at different times, and in which a later-served defendant initiates the removal, the Eighth Circuit has thus far "decline[d] to specify in this case the time limit for consent to removal under § 1446(b)(2)(C)." *Id.*

In *Griffioen v. Cedar Rapids & Iowa City Railway Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) the Eighth Circuit stated:

> The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved. By comparison, § 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so. Its failure to do so dissuades us from adopting a rule that places form over substance.

The Eighth Circuit has not specified a time limit for consent to removal and has stated that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent. *Couzens v. Donohue*, 854 F.3d at 515. The Court has been reluctant to apply the unanimity requirement in a "hypertechnical and unrealistic manner." *Id.* "As long as the removing defendant's codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d at 1188.

3

## DISCUSSION

Here, there is no dispute that § 1983 claims are subject to federal jurisdiction. Rather, the question presented is whether Defendants' removal was defective rendering the removal invalid and subject to remand. Plaintiffs make two arguments in support of their motion to remand. First, Plaintiffs contend the removal is procedurally defective because the Removing Parties failed to include a copy of all process, pleadings, and orders served upon them prior to removal as required by 28 U.S.C. § 1446(a); and second, that removal is procedurally defective in that it suffers a lack of unanimity and later consents were untimely and ineffective.

The Notice of Removal includes the state court petition, the notice to state court, notice to Plaintiffs, and a civil cover sheet. Plaintiffs state the Notice of Removal fails to include three motions to dismiss and five answers filed in state court. In addition, service returns filed in state court were not included with the Notice of Removal. Finally, Plaintiffs' motion for default against defendants Foster, Fisher, and Oberle filed in state court on the same day as the removal were not included in the Notice of Removal.

Plaintiffs contend because the Notice of Removal does not include all process, pleadings, and orders served upon the Removing Defendants as of the time of removal, the Notice of Removal is procedurally defective under 28 U.S.C. § 1446(a) and should be remanded. Plaintiffs further allude that the failure to include these documents with the Notice of Removal served to conceal the fact that the Removing Defendants had not received consent from other properly joined and earlier-served defendants. Citing, *Griffioen,* 785 F.3d at 1187 ("The potential for Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will."). However,

4

the record does not reflect any such scenario is present here. The codefendants have all consented to removal and there is no indication, or argument, that the Removing Defendants made false representations or forced codefendants to removal against their will. Further, there is no Rule 11 sanctions motion pending. While Removing Defendants may have failed to attach the entirety of the state court record in the Notice of Removal, the Court does not find that any such deficiencies supports a basis for remand. Further, any such deficiency may be cured without remand to state court. As the Eighth Circuit stated, "Congress could have defined with equal specificity the form of or time for consent but chose not to do so. Its failure to do so dissuades us from adopting a rule that places form over substance." Here, the Court will not remand the case based on the alleged technical deficiencies in the state court record.

In addition, Plaintiffs argue that the Notice of Removal suffers a lack of unanimity and later consents were untimely and ineffective. At this time, all codefendants have consented to removal and the Court does not find a lack of "unanimity." Further, even if the consents were delayed, or untimely as suggested by Plaintiffs, there is no basis for remand based on the timing of the consents. As previously stated, the Eighth Circuit has declined to specify a time limit for consent to removal and "as long as the removing defendant's codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." The Court does not find the timeliness of the consents to support a basis for remand.

Plaintiffs also allege that because certain Defendants failed to file an answer or otherwise defend this action within 30 days in state court that any such failure renders their ability to remove

5

the case ineffective.[1] Specifically, Plaintiffs moved for default against certain Defendants who had not responded to their petition in state court on the same day the Notice of Removal was filed. Plaintiffs appear to argue that if Defendants were in default they could not remove the case, or consent to removal, because of the state court "actions." Plaintiffs contend that Defendants "abandoned" their right to a federal forum by their actions (or inaction) in state court.

Plaintiffs' citations to cases in support of this argument represent situations when a defendant "takes some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." See *Griffioen,* 785 F.3d at 1187. Here, Defendants' failure to take any action does not constitute a substantial offensive or defensive action. Instead, Defendants are alleged to have taken "no action."

While the Court finds that in this case the Notice of Removal may not have been precise, all Defendants have now filed notices of consent. Further, whether any Defendants are in default for failing to file a timely response to the petition is not the issue before the Court. And the Court finds no basis to remand simply because Plaintiffs allege certain Defendants are in default for failing to file a timely answer.

Finally, while not dispositive, the Court notes Plaintiffs consented to entry of a protective order in this Court and participated in discovery while the case was pending in federal court.

### DECISION

Wherefore, for the reasons set forth herein, the Motion to Remand is **DENIED.** The Court further Orders that the stay of discovery is hereby lifted. Plaintiffs are **ORDERED** to file a

---

[1] Defendants Foster and Richardson were not included on the Notice of Removal, despite being represented by counsel for the Removing Parties.

response to the pending motion to dismiss within 20 days of the date of this Order. The parties are **ORDERED** to submit their proposed scheduling Order within 20 days of the date of this Order.

**IT IS SO ORDERED.**

DATED: January 13, 2026

               */s/ Douglas Harpool*
               **DOUGLAS HARPOOL**
               **UNITED STATES DISTRICT JUDGE**