IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID JOHNSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:25-cv-4210-MDH |
| ) | |
| BOONE COUNTY, MISSOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS BOONE COUNTY, SHERIFF CAREY, AND DAMON REYNOLDS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds, by and through undersigned counsel, submit the following Reply Brief in Support of their Motion to Dismiss Plaintiffs' Petition.[1]

**I.  Introduction**

Defendants Boone County, Sheriff Carey, and Damon Reynolds (former Boone County Jail Administrator) are named in Counts III-V of Plaintiffs Petition. Counts III-V are claims for deliberate indifferent policy, deliberate indifferent custom, and deliberate indifferent failure to train and supervise under § 1983 (*Monell* claims). Plaintiffs do not allege that Sheriff Carey or Damon Reynolds were directly or personally involved with decedent's care while he was detained in the Boone County Jail. The individual and official capacity claims against Sheriff Carey and Damon Reynolds should be dismissed because individual capacity claims cannot be brought under *Monell* and the official capacity claims against Sheriff Carey and Damon Reynolds are redundant of the *Monell* claims against Boone County. In addition, Plaintiffs fail to state *Monell* claims.

---

[1] Defendants Boone County, Sheriff Carey, and Damon Reynolds' Motion to Dismiss was filed in Boone County Circuit Court before this case was removed to this Court. The Motion to Dismiss and Suggestions in Support are attached as Exhibit A.

1

## II. Argument

Counts III-V of Plaintiffs' Petition are *Monell* claims against Boone County, Sheriff Carey, and Damon Reynolds. Plaintiffs admit such. (Doc. 27, p. 8 – "These are all '*Monell*' claims…"). *Monell* claims cannot be brought against Sheriff Carey and Damon Reynolds in their individual capacities, and the official capacity claims against Sheriff Carey and Damon Reynolds are redundant of the claims against Boone County. The claims against Sheriff Carey and Damon Reynolds should be dismissed. Also, Plaintiffs fail to state *Monell* claims against Boone County, so Boone County should also be dismissed from this lawsuit.

### A. Individual capacity claims against Sheriff Carey and Damon Reynolds must be dismissed.

Plaintiffs admit that Counts III-V are *Monell* claims. *See* Doc. 27, p. 8. The caselaw is clear: *Monell* claims cannot be brought against officials in their individual capacities. "A *Monell* claim cannot be brought against an individual in his individual capacity." *Shirley v. Marion Cnty. Sheriff's Off.*, 2020 WL 2113409, at *2 (S.D. Ind. May 4, 2020). *See also Wilson v. Civ. Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("Because personal-capacity suits are really suits against the official as an individual, not against the government entity, *Monell* is always inapplicable."); *Windeknecht v. First Jud. Cir. Prob. Div.*, 2024 WL 3251253, at *3 (E.D. Mo. July 1, 2024) ("…*Monell* claims are **not** cognizable against officials in their individual capacities.") (emphasis added). Accordingly, the individual capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed with prejudice.

### B. Official capacity claims against Sheriff Carey and Damon Reynolds must be dismissed.

Both Sheriff Carey and Damon Reynolds are sued in their official capacities in Counts III-V. Because Defendant Boone County is also named as a Defendant in those counts (and Sheriff

2

Carey and Damon Reynolds are Boone County officials), the official capacity claims against Sheriff Carey and Damon Reynolds should be dismissed because they are redundant of the claims against Boone County. *See Aumick v. Berkshire*, 2021 WL 12271641, at *4 (W.D. Mo. July 12, 2021) ("The Eighth Circuit has long held that dismissal of official capacity claims against a government employee is appropriate where the plaintiff raises the same claims against the government employer."). *See also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity. Thus, the court properly dismissed the claim against Leonard as redundant of the claim against the City.") (internal citation omitted).

Accordingly, the official capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed with prejudice.

  **C.** **Count III – Deliberate Indifference (Unconstitutional Policy)**

Plaintiffs' claim in Count III is that Boone County's policies resulted in deliberate indifference to decedent's serious medical needs. Plaintiffs have not alleged that Boone County's policies are unconstitutional on their face. Accordingly, "…a plaintiff must provide evidence 'that the county's decision to maintain the policy was made with deliberate indifference to its known or obvious consequences. Deliberate indifference is established where the policymaker 'had notice of an alleged inadequacy in [its] policy' or 'the policy's alleged inadequacy was so patently obvious that the [policymaker] should have known that a constitutional violation was inevitable." *Pennington v. Hefner*, 2024 WL 2250403, at *3 (E.D. Mo. May 17, 2024) (internal citations omitted).

Here, Plaintiffs fail to adequately allege the deliberate indifference requirement for an unconstitutional policy claim. Plaintiffs "…must provide evidence 'that the county's decision to

maintain the policy was made with deliberate indifference to its known or obvious consequences.'" *Id.* at *3 (internal citation omitted). Plaintiffs have not done so. Plaintiffs do not claim that Boone County's policies – when properly enforced – violated decedent's constitutional rights. Plaintiffs' allegations are premised upon jail personnel and medical personnel's alleged deliberate indifference to decedent's medical needs. Moreover, Plaintiffs do not allege that these Defendants maintained or enacted any policy with deliberate indifference to its known or obvious consequences. Plaintiffs do not allege that these Defendants had notice of an alleged inadequacy in the jail policies or that the policies' alleged inadequacies were so patently obvious that they should have known that a constitutional violation was inevitable. Rather, Plaintiffs' allegation of deliberate indifference by these Defendants is conclusory – "Defendants knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described above created a high degree of probability of injury or death to Decedent." (Doc. 1-1, p. 92, ¶ 450). This conclusory allegation is insufficient to state a claim for an unconstitutional policy under *Monell*. *See, e.g.*, *Troupe v. Young*, 2025 WL 1910566, at *12 (8th Cir. July 11, 2025) ("Essentially, there is no allegation that the policy prevented Catchings from receiving medical care; the allegation only implies that it prevented Catchings from 'receiv[ing] a particular or requested course of treatment.'").

Here, like in *Troupe*, Boone County's policies did not result in decedent being denied medical care. (Doc. 1-1, p. 91, ¶ 441). In fact, Plaintiffs allege multiple instances in which decedent was seen by ACH medical personnel. *See* Doc 1-1, p. 29, ¶¶ 140-43; p. 30, ¶¶ 144-151; p. 31, ¶ 152; p. 32, ¶¶ 158 and 162-64; p. 34, ¶ 176; p. 35, ¶ 187; p. 36, ¶¶ 199-202; pp. 38-39, ¶ 218; pp. 43-44, ¶¶ 254, 259, and 262; p. 45, ¶¶ 266-67; and p. 46, ¶ 272. So, Boone County's policies could not plausibly have led to deliberate indifference to decedent's medical needs because Plaintiffs

4

specifically allege that decedent was seen multiple times by Defendant ACH nurses. Plaintiffs' claim of an unconstitutional policy is an attempt to hold Boone County liable for the acts of its employees and contractors, which fails to state a claim for an unconstitutional policy under *Monell*.

Also, Plaintiffs point to no prior, similar incidents that would place these Defendants on notice that Boone County's policies were inadequate, unconstitutional, or were likely to result in a violation of decedent's constitutional rights. *See, e.g.*, *Hackney v. City of St. Louis*, 2024 WL 3161616, at *4 (E.D. Mo. June 25, 2024) ("Plaintiff fails to point to any well-pleaded facts that would put the City's policymakers on notice **prior to the incidents complained of** by plaintiff that its lack of official policies were likely to result in a violation of constitutional rights in the manner alleged by plaintiff, or that the City's policymakers has such notice but consciously decided not to act.") (emphasis added).

Here, Plaintiffs do not allege that these Defendants had notice of any alleged inadequacies in the jail policies prior to the incident involving decedent and that the alleged inadequacies were likely to result in a violation of constitutional rights in a manner alleged by Plaintiffs. *See, e.g.*, *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) ("Generally, an isolated incident of alleged police misconduct, such as Ulrich alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983."). Plaintiffs do not allege any prior instances of opioid withdrawal deaths in the Boone County Jail. Plaintiffs do not allege any prior occasions where a detainee's opioid withdrawal was neglected or mismanaged by Boone County Jail employees. Plaintiffs' generalized and conclusory allegation of an opioid epidemic in America is not the required notice necessary to state a claim under *Monell*. Plaintiffs fail to allege the required elements of notice and deliberate indifference that are necessary to state a claim for a deliberately indifferent policy under *Monell*.

Accordingly, Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count III of Plaintiffs' Petition should be granted.

### D. Count IV – Deliberate Indifference (Unconstitutional Custom)

Plaintiffs fail to allege all three elements necessary to plead an unconstitutional custom claim under *Monell*. Count IV of Plaintiffs' Petition should be dismissed.

First, Plaintiffs do not allege even one prior instance of unconstitutional conduct by Boone County Jail employees related to the handling of a detainee's withdrawal from opioids. Plaintiffs' allegations again only relate to decedent's own situation. *See* Doc. 27, p. 14. Plaintiffs fail to allege a ***continuing, widespread, persistent pattern of unconstitutional misconduct*** by Boone County's employees. Plaintiffs only identify actions related to decedent's own situation, over a couple days in which decedent was admittedly seen numerous times by Defendant ACH medical personnel. Without any other instances of similar misconduct, Plaintiffs fail to state a claim for a continuing, widespread, persistent pattern of unconstitutional misconduct. *See, e.g.*, *Schreiner v. Babbitt*, 2025 WL 1426090, at *4 (W.D. Mo. May 16, 2025) ("Furthermore, the complaint does not contain allegations of other similar incidents that might stem from an unofficial custom."). *See also Elbert v. City of Kansas City Missouri*, 2019 WL 1374570, at *3 (W.D. Mo. Mar. 26, 2019) ("As to the first element, Plaintiff has not identified any other transgressions that have occurred despite his own; therefore, Plaintiff cannot demonstrate a pattern of unconstitutional conduct has taken place.").

Like *Elbert* (which was decided at the motion to dismiss stage), Plaintiffs have not identified any other transgressions that occurred at the Boone County Jail despite his own. Because Plaintiffs fail to allege a continuing, widespread, persistent pattern of unconstitutional misconduct by Boone County's employees, Plaintiffs have failed to state a claim of an unconstitutional custom

6

Case 2:25-cv-04210-MDH    Document 34    Filed 03/03/26    Page 6 of 11

under *Monell*. *See Reed v. Smart*, 2020 WL 96911, at *5 (W.D. Mo. Jan. 8, 2020) ("In addition, Plaintiff only complains about his own alleged mistreatment and has not adequately alleged a widespread pattern of unconstitutional conduct.").

Second, Plaintiffs fail to sufficiently allege the notice requirement of an unconstitutional custom claim. *See, e.g.*, *Elbert*, 2019 WL 1374570, at *3 ("…Plaintiff does not allege that an official with appropriate authority to make policy decisions received notice of the complaints and acted with deliberate indifference after receiving such notice."). Plaintiffs never allege that these Defendants were ever notified of any prior complaints or instances related to unconstitutional or deficient medical treatment for detainees suffering from fentanyl or opioid withdrawal. Again, Plaintiffs fail to point to even one prior situation that would have notified these Defendants of a widespread, persistent pattern of unconstitutional misconduct. Therefore, Plaintiffs fail to adequately allege the second element required to plead the existence of an unconstitutional custom claim under *Monell*.

Finally, Plaintiffs' lone conclusory allegation related to causation (Doc. 1-1, p. 67, ¶ 367) fails to establish the causal link necessary to adequately allege an unconstitutional custom under *Monell*. Plaintiffs fail to allege sufficient, non-conclusory facts to support their claim that Boone County's alleged custom was the moving force behind the alleged constitutional violation against decedent.

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count IV of Plaintiffs' Petition should be granted.

### E. Count V – Deliberate Indifference (Failure to Train or Supervise)

Finally, Plaintiffs' claim of deliberately indifferent failure to train or supervise should be dismissed. "To make a case for liability under § 1983 for failure to train or supervise, Plaintiffs

7

must demonstrate: 1) the existence of a clear and persistent pattern of constitutional violations by employees; 2) notice or constructive notice on the part of the municipality; (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in failing to act can be said to amount to an official policy of inaction; and 4) that the failure to act was the moving force or direct causal link in the constitutional deprivation." *Taylor v. Advanced Corr. Healthcare Inc.*, 2024 WL 1171738, at *5 (W.D. Mo. Mar. 14, 2024). "To establish this claim, Plaintiff must show that Defendant had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Hardy v. City of Kansas City, Missouri*, 2019 WL 7041512, at *4 (W.D. Mo. Dec. 20, 2019).

First, Plaintiffs fail to allege a clear and persistent pattern of unconstitutional conduct by Boone County employees. Plaintiffs argue that since Sheriff Carey and Damon Reynolds' subordinates are alleged to have committed a constitutional violation here, that Plaintiffs have satisfied the pleading standard for a claim of failure to train or supervise. (Doc. 27, p. 15). But that is not the pleading standard. "*Monell* claims based on a failure to train must pass a higher bar than other *Monell* claims." *Briggs v. City of St. Louis*, 2022 WL 16635123, at *3 (E.D. Mo. Nov. 1, 2022). Plaintiffs again only identify the alleged constitutional violations and deficiencies related to decedent's own situation. *See, e.g.*, *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.") (internal citation omitted). Here, Plaintiffs have not alleged a ***clear and persistent pattern*** of similar constitutional violations by untrained employees. Therefore, Plaintiffs' failure to train or supervise claim fails.

Second, Plaintiffs fail to allege that these Defendants had notice that Boone County's training and supervision were inadequate. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d

8

1118, 1123 (8th Cir. 2005) ("Because the District did not have notice that its training policy was inadequate, the parents have failed to show deliberate indifference.") (internal citation omitted). Likewise, here, Plaintiffs have failed to sufficiently allege that Boone County, Sheriff Carey, or Damon Reynolds had notice that their training procedures and supervision were inadequate. Plaintiffs fail to allege other similar situations that would have alerted them to the alleged deficiencies in their training and supervision related to detainees undergoing opioid withdrawal. And, in fact, decedent here was seen numerous times by Defendant ACH medical personnel. So, again, Plaintiffs' claim related to failure to train or supervise fails at the pleading stage. *See, e.g.*, *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1217 (8th Cir. 2013) ("Absent some form of notice, the city cannot be deliberately indifferent to the risk that its training or supervision of Sanders would result in 'a violation of a particular constitutional or statutory right.'").

Plaintiffs have not sufficiently alleged that Boone County, Sheriff Carey, or Damon Reynolds were on notice of any alleged deficiency in their training or supervision. Decedent's situation is the only incident alleged. That is not the requisite notice necessary to plead a *Monell* claim for failure to train or supervise. Since Plaintiffs fail to sufficiently allege an unconstitutional failure to train or supervise claim, they cannot allege that any alleged failure to train or supervise was the moving force behind the alleged constitutional violation in this case. *See Miller as Next Friend for Rippeto v. City of St. Louis*, 2024 WL 1366797, at *5 (E.D. Mo. Mar. 31, 2024) ("Plaintiffs allege, for example, that Defendants 'failed to adequately train the jail staff to recognize when a detainee needed medical assessment, evaluation and/or attention.' That conclusion is not supported by facts about, for example, the jail's current training plan, how that training compares to the training at other jails, or a single specific instance of the staff failing to recognize an inmate's serious medical condition, other than Robert Miller's."). Plaintiffs suffer

from the same shortcomings that the Court noted in *Miller*. Like the Court in *Miller* (which was decided at the motion to dismiss stage), this Court should dismiss Plaintiffs' claim for failure to train and supervise.

To the extent that Plaintiffs claim that Sheriff Carey and Damon Reynolds are liable for failure to train or supervise in their individual capacities, such allegations fail to state a claim and qualified immunity applies. "[A] supervisor is entitled to qualified immunity unless the plaintiff can show that the supervisor (1) received notice of a pattern of unconstitutional acts by a subordinate and (2) was deliberately indifferent to or authorized those acts." *McNealy v. City of St. Louis, Missouri*, 2024 WL 4817299, at *8 (E.D. Mo. Nov. 18, 2024). Sheriff Carey and Damon Reynolds are entitled to qualified immunity because Plaintiffs do not allege that they received notice of a pattern of unconstitutional acts committed by subordinates or that they were deliberately indifferent to or authorized those acts. Plaintiffs do not point to any prior, similar instances of misconduct by Boone County employees that would have placed Sheriff Carey or Damon Reynolds on notice. *See, e.g.*, *Miller*, 2024 WL 1366797, at *4 ("Because Plaintiffs failed to plead anything more than conclusory allegations that Defendants Clemons-Abdullah and Barnes had notice of a pattern of unconstitutional acts committed by their subordinates, Clemons-Abdullah and Barnes are entitled to qualified immunity...").

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count V of Plaintiffs' Petition should be granted.

WHEREFORE, Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds respectfully request the Court grant their present Motion to Dismiss, dismiss all claims against them with prejudice, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

VESSELL BRIDGES MURPHY LAW OFFICES

By: */s/ Jack Fleming*
    Jack Fleming, MO Bar #68072
    3901 S. Providence Road, Suite D
    Columbia, MO 65203
    (P) 573-777-4488
    (F) 573-777-4489
    jack.fleming@vbmlaw.com
    **ATTORNEYS FOR DEFENDANTS**
    **BOONE COUNTY, MISSOURI,**
    **SHERIFF DWAYNE CAREY,**
    **& DAMON REYNOLDS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, a true and correct copy of the above and foregoing document was filed electronically with the Court to be served on all counsel of record via operation of the Court's electronic filing system.

By: */s/ Jack Fleming*
    Jack Fleming