## IN THE CIRCUIT COURT OF BOONE COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| DAVID JOHNSON, *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 25BA-CV03615 |
| | ) | |
| BOONE COUNTY, MISSOURI, *et. al.*, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BOONE COUNTY, MISSOURI, BOONE COUNTY SHERIFF DWAYNE CAREY, AND DAMON REYNOLDS' MOTION TO DISMISS PLAINTIFFS' PETITION

COME NOW, Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds, by and through undersigned counsel, pursuant to Missouri Rule of Civil Procedure 55.27(a)(6), and move to dismiss Counts III-V of Plaintiffs' Petition for failure to state a claim upon which relief can be granted.

Here, Plaintiffs (family members of decedent, Douglas Johnson) commenced this civil action against Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, Damon Reynolds (former Boone County jail administrator), and various other defendants (other Boone County jail employees and Advanced Correctional Healthcare and its employees) on June 30, 2025, for the death of Douglas Johnson while he was being held in the Boone County jail. Decedent was held in the Boone County jail from June 29, 2022, until his death on July 2, 2022, while he was withdrawing from fentanyl and other illicit drugs. Plaintiffs claim that Defendants violated decedent's constitutional rights during his withdrawal from fentanyl and that the ACH Defendants committed medical malpractice. Plaintiffs bring causes of action for wrongful death/medical malpractice (under Missouri state law) and four separate claims of deliberate indifference under 42 U.S.C. § 1983 (federal law). Defendants Boone County, Sheriff Carey, and Damon Reynolds

1

are sued in Counts III-V for deliberate indifferent policy, deliberate indifferent custom, and deliberate indifferent failure to train or supervise (42 U.S.C. § 1983 – *Monell* claims).

First, Plaintiffs' official capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed because they are redundant of the claims against their employer, Defendant Boone County. *See Aumick v. Berkshire*, 2021 WL 12271641, at *4 (W.D. Mo. July 12, 2021) ("The Eighth Circuit has long held that dismissal of official capacity claims against a government employee is appropriate where the plaintiff raises the same claims against the government employer."). Here, Plaintiffs raise the same claims against Sheriff Carey and Damon Reynolds' employer, Boone County. Accordingly, the official capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed because they are redundant of the claims against Defendant Boone County.

Second, the individual capacity claims against Sheriff Carey and Damon Reynolds are not cognizable under *Monell*. "As a general rule, *Monell* claims cannot proceed against an officer, in his or her individual capacity." *Sanders v. Splittorf*, 2023 WL 2374370, at *3 (S.D. Ill. Mar. 6, 2023). *See also Windeknecht v. First Jud. Cir. Prob. Div.*, 2024 WL 3251253, at *3 (E.D. Mo. July 1, 2024) ("Additionally, *Monell* claims are not cognizable against officials in their individual capacities."). The individual capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed because individual capacity claims are not cognizable under *Monell*.

Third, Plaintiffs' claim of deliberate indifference based on an unconstitutional policy (Count III) fails to state a claim upon which relief can be granted. Plaintiffs fail to identify any Boone County jail policy that is unconstitutional on its face. The deprivations of decedent's constitutional rights are not alleged to have resulted from Defendant Boone County's official

policies. Also, Plaintiffs fail to allege that Boone County, Sheriff Carey, and Damon Reynolds' decision to maintain or enact any policy was made with deliberate indifference to its known or obvious consequences. These Defendants were not on notice that any alleged policy was inadequate, and it was not patently obvious that these Defendants should have known that a constitutional violation was inevitable because of the alleged policies of the Boone County jail. Plaintiffs do not adequately allege such. Finally, Plaintiffs fail to sufficiently allege that that these policies were the moving force behind decedent's death. Accordingly, Count III should be dismissed.

Fourth, Plaintiffs' claim in Count IV for deliberate indifference based on an unconstitutional custom fails to state a claim because Plaintiffs do not allege the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by Boone County jail employees. Also, Plaintiffs fail to allege that Defendants Boone County, Sheriff Carey, and Damon Reynolds were on notice of any misconduct by Boone County jail employees. Finally, Plaintiffs fail to adequately allege that any alleged unconstitutional custom of Boone County was the moving force behind the alleged constitutional violations against decedent. Accordingly, Count IV should be dismissed.

Fifth, Plaintiffs' claim in Count V for deliberate indifference based on a theory of failure to train or supervise fails to state a claim because Plaintiffs do not adequately allege the existence of a clear and persistent pattern of constitutional violations by Boone County jail employees and that Defendants Boone County, Sheriff Carey, and Damon Reynolds had notice or constructive notice of any persistent pattern of constitutional violations by Boone County jail employees. Also, Plaintiffs do not allege that these Defendants had an official policy of failing to train and supervise the employees of the Boone County jail and that such failure to train or supervise was the moving

force behind the alleged constitutional violations against decedent. Therefore, Count V should be dismissed.

Sixth, Plaintiffs' *Monell* claims (Counts III-V) are attempts to hold Defendants Boone County, Sheriff Carey, and Damon Reynolds liable for the acts of their subordinates, which is not permissible under 42 U.S.C. § 1983. "Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). *See also Curtis v. Christian Cnty., Missouri*, 2018 WL 3451522, at *2 (W.D. Mo. July 17, 2018) ("Christian County may not be found liable under § 1983 based on a *respondeat superior* theory."). Counts III-V of Plaintiffs' Petition should be dismissed because Defendants Boone County, Sheriff Carey, and Damon Reynolds cannot be held liable under 42 U.S.C. § 1983 for the alleged constitutional violations of their subordinates.

Finally, to the extent Plaintiffs intend to sue Sheriff Carey and Damon Reynolds in their individual capacities in Counts III-V, such individual capacity claims fail, for the reasons stated above, and because Sheriff Carey and Damon Reynolds are entitled to qualified immunity because Plaintiffs fail to adequately alleged that they were on notice that any alleged Boone County jail policy was inadequate and that it was patently obvious that they should have known that a constitutional violation was inevitable because of the alleged policies of the Boone County jail. In addition, Plaintiffs do not adequately allege that Sheriff Carey and Damon Reynolds were on notice of a pattern of unconstitutional acts that were committed by Boone County jail employees that would lead to claims based on an unconstitutional custom or failure to train or supervise. Therefore, the individual capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed for this additional reason.

Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds incorporate herein their Memorandum of Law in Support of their Motion to Dismiss, which is filed contemporaneously herewith.

WHEREFORE, Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds respectfully request the Court grant their Motion to Dismiss, dismiss all claims against them in Counts III-V of Plaintiffs' Petition, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

VESSELL BRIDGES MURPHY LAW OFFICES

By: */s/ Jack Fleming*
    Jack Fleming, MO Bar #68072
    3901 S. Providence Road, Suite D
    Columbia, MO 65203
    (P) 573-777-4488
    (F) 573-777-4489
    jack.fleming@vbmlaw.com
    **ATTORNEYS FOR DEFENDANTS**
    **BOONE COUNTY, MISSOURI,**
    **SHERIFF DWAYNE CAREY,**
    **& DAMON REYNOLDS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, a true and correct copy of the above and foregoing document was filed electronically with the Court to be served on all counsel of record via operation of the Court's electronic filing system.

By: */s/ Jack Fleming*
    Jack Fleming

5

**IN THE CIRCUIT COURT OF BOONE COUNTY**
**STATE OF MISSOURI**

DAVID JOHNSON, *et. al.*,        )
                                 )
        Plaintiffs,         )
                                 )
v.                                 )        Case No. 25BA-CV03615
                                 )
BOONE COUNTY, MISSOURI, *et. al.*,   )        **<u>JURY TRIAL DEMANDED</u>**
                                 )
        Defendants.       )

**<u>DEFENDANTS BOONE COUNTY, MISSOURI, BOONE COUNTY SHERIFF
DWAYNE CAREY, AND DAMON REYNOLDS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' PETITION</u>**

Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon

Reynolds, by and through undersigned counsel, pursuant to Missouri Rule of Civil Procedure

55.27(a)(6), submit the following Memorandum of Law in Support of Their Motion to Dismiss

Plaintiffs' Petition.

## Table of Contents

TABLE OF AUTHORITIES ..................................................................................... 3

**I.**     **Introduction** ................................................................................... 5

**II.**    **Motion to Dismiss Standard** ........................................................ 5

**III.**   **Argument** ...................................................................................... 6

    **A.**    **Official Capacity Claims** .................................................... 7

    **B.**    **Individual Capacity Claims** ............................................... 7

    **C.**    **Count III – Deliberate Indifference (Unconstitutional Policy)** .............................. 9

    **D.**    **Count IV – Deliberate Indifference (Unconstitutional Custom)** ........................... 13

    **E.**    **Count V – Deliberate Indifference (Failure to Train or Supervise)** ...................... 16

**CERTIFICATE OF SERVICE** ................................................................... 20

**TABLE OF AUTHORITIES**

**Case**                                                                      **Page**

*Aumick v. Berkshire*,
2021 WL 12271641 (W.D. Mo. July 12, 2021) ....................................................7

*Bell v. City of Bourbon, Missouri*,
2025 WL 973945 (E.D. Mo. Mar. 31, 2025)....................................................14

*Briggs v. City of St. Louis*,
2022 WL 16635123 (E.D. Mo. Nov. 1, 2022) ...........................................16, 17

*Charron v. Holden*,
111 S.W.3d 553 (Mo. Ct. App. 2003) ...............................................................6

*Curtis v. Christian Cnty., Missouri*,
2018 WL 3451522 (W.D. Mo. July 17, 2018) ...........................................12, 15

*Hackney v. City of St. Louis*,
2024 WL 3161616 (E.D. Mo. June 25, 2024)............................................11, 18

*Hardy v. City of Kansas City, Missouri*,
2019 WL 7041512 (W.D. Mo. Dec. 20, 2019)....................................9, 13, 14, 16

*Jennings v. Wentzville R-IV Sch. Dist.*,
397 F.3d 1118 (8th Cir. 2005) .........................................................................16

*Jordan v. Coffman*,
707 S.W.3d 24 (Mo. Ct. App. 2024) ..................................................................5

*Madewell v. Roberts*,
909 F.2d 1203 (8th Cir. 1990) ...........................................................................8

*McNealy v. City of St. Louis, Missouri*,
2024 WL 4817299 (E.D. Mo. Nov. 18, 2024) ...........................................10, 18

*Mesey v. St. Francois Cnty., Missouri*,
2023 WL 5748416 (E.D. Mo. Sept. 6, 2023)...................................................14

*Mettler v. Whitledge*,
165 F.3d 1197 (8th Cir. 1999) ..............................................................12, 15, 18

*Miller as Next Friend for Rippeto v. City of St. Louis*,
2024 WL 1366797 (E.D. Mo. Mar. 31, 2024)..................................................19

3

*Moore v. City of St. Louis*,
    2018 WL 1513336 (E.D. Mo. Mar. 27, 2018)...................................................................8

*Pennington v. Hefner*,
    2024 WL 2250403 (E.D. Mo. May 17, 2024)..........................................................10, 11

*Sanders v. Splittorf*,
    2019 WL 6021845 (S.D. Ill. Mar. 6, 2023)...........................................................7

*Schreiner v. Babbitt*,
    2025 WL 1426090 (W.D. Mo. May 16, 2025)..........................................................13

*Scruggs v. City of St. Louis*,
    2023 WL 2374370 (E.D. Mo. Nov. 14, 2019)........................................................10

*S.M. v. Lincoln Cnty.*,
    874 F.3d 581 (8th Cir. 2017)...........................................................16

*Taylor v. Advanced Corr. Healthcare Inc.*,
    2024 WL 1171738 (W.D. Mo. Mar. 14, 2024)..........................................................6, 16

*Troupe v. Young*,
    2025 WL 1910566 (8th Cir. July 11, 2025)...........................................................11

*Wilson v. Civ. Town of Clayton*,
    839 F.2d 375 (7th Cir. 1988)...........................................................7

*Windeknecht v. First Jud. Cir. Prob. Div.*,
    2024 WL 3251253 (E.D. Mo. July 1, 2024)...........................................................8

*Ziegler v. City of St. Louis, Missouri*,
    2020 WL 709257 (E.D. Mo. Feb. 12, 2020)...........................................................14

## **Rules**

42 U.S.C. § 1983...........................................................5, 12, 15, 18

Missouri Law of Civil Procedure 55.27(a)(6)...........................................................5

4

# I. __Introduction__

Plaintiffs (family members of decedent, Douglas Johnson) commenced a civil action against Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, Damon Reynolds (former Boone County jail administrator), and various other defendants (other Boone County jail employees, Advanced Correctional Health, and ACH employees) on June 30, 2025, for the July 2, 2022, death of Douglas Johnson while he was being held in the Boone County jail. Decedent was held at the Boone County jail from June 29, 2022, to July 2, 2022, while decedent was withdrawing from fentanyl and other illegal drugs. Plaintiffs bring causes of action for wrongful death/medical malpractice (under Missouri state law) and four separate claims of deliberate indifference under 42 U.S.C. § 1983 (federal law). Defendants Boone County, Sheriff Carey, and Damon Reynolds are sued in Counts III-V of Plaintiffs' Petition for deliberate indifferent policy, deliberate indifferent custom, and deliberate indifferent failure to train or supervise under 42 U.S.C. § 1983 (*Monell* claims). Plaintiffs do not allege that Sheriff Carey or Damon Reynolds were directly or personally involved with decedent's care while he was detained in the Boone County jail.

# II. __Motion to Dismiss Standard__

Defendants Boone County, Sheriff Carey, and Damon Reynolds bring their present Motion to Dismiss under Missouri Rule of Civil Procedure 55.27(a)(6) for failure to state a claim upon which relief can be granted. In Missouri, "[a] motion seeking dismissal of a petition for failure to state a claim upon which relief can be granted 'is solely a test of the adequacy of a plaintiff's petition." *Jordan v. Coffman*, 707 S.W.3d 24, 30 (Mo. Ct. App. 2024), *reh'g and/or transfer denied* (Mar. 4, 2025) (internal quotation omitted). The Court "accept[s] all properly pleaded facts as true, giving the pleadings their broadest intendment, and [the court] construe[s] all allegations favorably

to the pleader to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id*.

However, "[u]nder Missouri pleading rules, to state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. The petition must state allegations of fact in support of each essential element of the cause pled. If a petition consists only of conclusions and does not contain ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id*. (internal citations and quotations omitted). "Assertions of bare, conclusory allegations are not sufficient to state a claim." *Id*. at 31 (internal citation omitted). "Unlike the 'notice pleading' requirements of the federal courts, Missouri courts apply a 'fact pleading' standard." *Charron v. Holden*, 111 S.W.3d 553, 555 (Mo. Ct. App. 2003). "When an action under Section 1983 is filed in state court, the state's rules of civil procedure apply, not the federal rules." *Id*.

Here, Defendants Boone County, Sheriff Carey, and Damon Reynolds are entitled to dismissal because Plaintiffs fail to state a claim upon which relief can be granted.

## III.   <u>Argument</u>

Plaintiffs' claims in Counts III-V against Defendants Boone County, Sheriff Carey, and Damon Reynolds all present as *Monell* claims. Plaintiffs do not contend that Sheriff Carey or Damon Reynolds had any personal involvement with decedent's care or treatment in the Boone County jail. "To state a claim for relief against a local government under section 1983, <u>Monell</u> requires a plaintiff plead a deprivation of federal constitutional or statutory rights caused by (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise." *Taylor v. Advanced Corr. Healthcare Inc.*, 2024 WL 1171738, at *3 (W.D. Mo. Mar.

14, 2024). Here, Plaintiffs bring claims for deliberate indifference based on an official municipal policy (Count III), an unofficial custom (Count IV), and failure to train or supervise (Count V). Boone County is named as a defendant in Counts III-V and Sheriff Carey and Damon Reynolds are named in their official and individual capacities in Counts III-V.

All of Plaintiffs' claims in Counts III-V as against Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds should be dismissed for the reasons stated below.

### A.    <u>Official Capacity Claims</u>

Both Sheriff Carey and Damon Reynolds are sued in their individual and official capacities in Counts III-V of Plaintiffs' Petition. *See* Plaintiffs' Petition, case caption and p. 18, ¶ 76. Because Defendant Boone County is also named as a Defendant in these three counts, the official capacity claims against Sheriff Carey and Damon Reynolds should be dismissed. *See Aumick v. Berkshire*, 2021 WL 12271641, at *4 (W.D. Mo. July 12, 2021) ("The Eighth Circuit has long held that dismissal of official capacity claims against a government employee is appropriate where the plaintiff raises the same claims against the government employer."). Because the same claims are raised against Boone County in Counts III-V, the official capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' Petition should be dismissed.

### B.    <u>Individual Capacity Claims</u>

It is not clear from Plaintiffs' Petition how Plaintiffs intend on stating claims against Sheriff Carey and Damon Reynolds in their individual capacities for *Monell* violations. "As a general rule, *Monell* claims cannot proceed against an officer, in his or her individual capacity." *Sanders v. Splittorf*, 2023 WL 2374370, at *3 (S.D. Ill. Mar. 6, 2023). *See also Wilson v. Civ. Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("Because personal-capacity suits are really suits against the official as an individual, not against the government entity, *Monell* is always inapplicable.");

*Windeknecht v. First Jud. Cir. Prob. Div.*, 2024 WL 3251253, at *3 (E.D. Mo. July 1, 2024) ("Additionally, *Monell* claims are not cognizable against officials in their individual capacities.").

And, as previously stated, Plaintiffs do not allege that Sheriff Carey or Damon Reynolds were personally involved in, or directly responsible, for the alleged constitutional violations against decedent. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Moreover, vicarious liability is not applicable under § 1983. *See, e.g.*, *Moore v. City of St. Louis*, 2018 WL 1513336, at *4 (E.D. Mo. Mar. 27, 2018) ("As for Plaintiff's claims against Mayor Krewson in her individual capacity, there is no vicarious liability under § 1983. Government officials are personally liable only for their own misconduct."). (internal citation omitted). Telling, here, Plaintiffs do not include Sheriff Carey and Damon Reynolds in Count II of their Petition, which alleges deliberate indifference to decedent's serious medical needs. *See* Petition, p. 81.

Because Counts III-V are *Monell* claims, and Boone County is a named Defendant in each of those Counts, the official capacity claims against Sheriff Carey and Damon Reynolds should be dismissed, as discussed above. In addition, the individual capacity claims against Sheriff Carey and Damon Reynolds should be dismissed because individual capacity claims are not cognizable under *Monell*. Finally, since Plaintiffs do not allege that Sheriff Carey or Damon Reynolds personally violated decedent's constitutional rights – because they did not have any personal involvement with decedent's care or treatment in the Boone County jail – any individual capacity claims against them should be dismissed. Sheriff Carey and Damon Reynolds should be dismissed from this lawsuit.

## C.    Count III – Deliberate Indifference (Unconstitutional Policy)

Count III of Plaintiffs' Petition alleges that Defendant Boone County (and Sheriff Carey and Damon Reynolds) had an unconstitutional policy related to the administration and operation of the Boone County jail. (Petition, p. 89, ¶ 437). Plaintiffs claim that these Defendants had inadequate policies that resulted in deliberate indifference to decedent's serious medical needs. *Id.* at ¶ 438. Plaintiffs never specifically allege that any of the jail policies are unconstitutional on their face. Also, it is not clear if Plaintiffs are bringing a claim under *Monell* for an unconstitutional policy. Plaintiffs' claim that Defendants' "policies, procedures and customs and practices required detention officers to assess a detainee's medical conditions and determine if the detainee was intoxicated or had overdosed on drugs, without proper training…" (Petition, p. 91, ¶ 439). It appears Plaintiffs' claims in Counts III-V all relate to an alleged failure to train or supervise. In any event, each Count is subject to dismissal.

Plaintiffs' claim in Count III is that Defendants Boone County, Sheriff Carey, and Damon Reynolds' inadequate policies resulted in deliberate indifference to decedent's serious medical needs. "Under a *Monell* analysis, a 'policy' points to a 'deliberate choice of a guiding principle or procedure' made by a municipal official with final authority over the matter at issue. An action by a city employee constitutes official municipal policy only when the 'decisionmaker in question possess final authority to establish municipal policy with respect to the action ordered.'" *Hardy v. City of Kansas City, Missouri*, 2019 WL 7041512, at *2 (W.D. Mo. Dec. 20, 2019) (internal citations and quotations omitted). "The elements of an 'official policy' claim are: A deprivation of a plaintiff's constitutional rights that results from the municipality's official policy. It is not enough for plaintiff to show that the municipality employed a person who violated the plaintiff's rights.

9

Plaintiff must show that the violation resulted from the municipality's official policy." *Scruggs v. City of St. Louis*, 2019 WL 6021845, at *5 (E.D. Mo. Nov. 14, 2019).

Here, these Defendants are not liable for a policy that itself violates federal law because Plaintiffs have not alleged that. *See Pennington v. Hefner*, 2024 WL 2250403, at *3 (E.D. Mo. May 17, 2024). "But where on its face lawful, a plaintiff must provide evidence 'that the county's decision to maintain the policy was made with deliberate indifference to its known or obvious consequences. Deliberate indifference is established where the policymaker 'had notice of an alleged inadequacy in [its] policy' or 'the policy's alleged inadequacy was so patently obvious that the [policymaker] should have known that a constitutional violation was inevitable." *Id*. Since Plaintiffs do not allege that any of Boone County's policies are facially unlawful or unconstitutional, Plaintiffs' claim should be addressed as a claim for failure to train or supervise. *See, e.g.*, *McNealy v. City of St. Louis, Missouri*, 2024 WL 4817299, at *10, n. 6 (E.D. Mo. Nov. 18, 2024) ("By contrast, when an official policy is facially lawful, a plaintiff must frame his claim as a deliberately indifferent failure to train and supervise."). Accordingly, Plaintiffs' unconstitutional policy claim (Count III) should be dismissed for this reason alone.

In any event, Plaintiffs fail to state a claim for an unconstitutional policy. Here, Plaintiffs do not claim that Boone County's policies – when properly enforced – violated decedent's constitutional rights. Plaintiffs' allegations are premised upon jail personnel and medical personnel's deliberate indifference to decedent's serious medical needs. Plaintiffs do not allege that Boone County, Sheriff Carey, or Damon Reynolds maintained or enacted any policy with deliberate indifference to its known or obvious consequences. Plaintiffs do not allege that these Defendants had notice of an alleged inadequacy in the jail policies or that the policies' alleged inadequacies were so patently obvious that they should have known that a constitutional violation

10

was inevitable. *See Pennington*, 2024 WL 2250403, at \*3. Rather, Plaintiffs' allegation of deliberate indifference by these Defendants is conclusory – "Defendants knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described above created a high degree of probability of injury or death to Decedent." (Petition, p. 92, ¶ 450). This conclusory allegation is insufficient to state a claim for an unconstitutional policy under *Monell*. *See, e.g., Troupe v. Young*, 2025 WL 1910566, at \*12 (8th Cir. July 11, 2025) ("Essentially, there is no allegation that the policy prevented Catchings from receiving medical care; the allegation only implies that it prevented Catchings from 'receiv[ing] a particular or requested course of treatment.'").

Here, it is not plausible to claim that the jail policies resulted in decedent being denied medical care that resulted in his death. (Petition, p. 91, ¶ 441). Plaintiffs allege multiple instances in which decedent was seen by ACH nurses and his complaints were relayed to an ACH medical doctor. *See* Petition, p. 29, ¶¶ 140-43; p. 30, ¶¶ 144-151; p. 31, ¶ 152; p. 32, ¶¶ 158 and 162-64; p. 34, ¶ 176; p. 35, ¶ 187; p. 36, ¶¶ 199-202; pp. 38-39, ¶ 218; pp. 43-44, ¶¶ 254, 259, and 262; p. 45, ¶¶ 266-67; and p. 46, ¶ 272. So, the jail policies could not plausibly have led to a deliberate indifference to decedent's serious medical needs because Plaintiffs specifically allege that decedent was seen and treated multiple times by Defendant ACH nurses and a doctor.

Also, Plaintiffs' claims of "inadequate policies" (Petition, p. 89, ¶ 438) fail to establish *Monell* liability. Plaintiffs point to no prior incidents that would place these Defendants on notice that the jail policies were inadequate, unconstitutional, or were likely to result in a violation of a detainee's constitutional rights. *See, e.g., Hackney v. City of St. Louis*, 2024 WL 3161616, at \*4 (E.D. Mo. June 25, 2024) ("Plaintiff fails to point to any well-pleaded facts that would put the City's policymakers on notice prior to the incidents complained of by plaintiff that its lack of

official policies were likely to result in a violation of constitutional rights in the manner alleged by plaintiff, or that the City's policymakers has such notice but consciously decided not to act."). Here, Plaintiffs do not allege that these Defendants had notice of any alleged inadequacies of the jail policies and that the alleged inadequacies were likely to result in a violation of constitutional rights in a manner alleged by Plaintiffs.

Next, Plaintiffs fail to adequately allege that the jail policies were the moving force behind decedent's death. Plaintiffs make one conclusory allegation related to "moving force" – "Defendant County, Defendant Sheriff, Defendant Reynolds, and Defendant ACH's policies, customs, and practices concerning the management of opioid withdrawals and detoxification; performing fit-for-confinement evaluations; performing medical observations; and co-pay systems; as well as their failures in training and supervising their employees and agents (including the identified and unidentified defendants), are the moving force behind the failures to provide life-saving management of Decedent's opioid-withdrawal symptoms." (Petition, p. 67, ¶ 367). This conclusory allegation fails to establish the causal link necessary to adequately allege an unconstitutional policy under *Monell*.

Finally, Plaintiffs' *Monell* claim in Count III is an attempt to hold these Defendants liable for the acts of their subordinates. For example, Plaintiffs allege that "Defendants' constitutional deprivations were objectively and subjectively unreasonable from the perspective of any reasonable staff member who would have been treating or caring for Decedent." (Petition, p. 91, ¶ 443). However, Plaintiffs never claim that Sheriff Carey or Damon Reynolds cared for, treated, or even saw decedent while he was in jail. "Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). *See also Curtis v. Christian Cnty., Missouri*, 2018 WL 3451522, at *2 (W.D.

Mo. July 17, 2018) ("Christian County may not be found liable under § 1983 based on a *respondeat superior* theory."). Likewise, here, Defendants Boone County, Sheriff Carey, and Damon Reynolds cannot be held liable under § 1983 based on a *respondeat superior* theory.

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count III of Plaintiffs' Petition should be granted.

### D.   Count IV – Deliberate Indifference (Unconstitutional Custom)

Count IV of Plaintiffs' Petition alleges that Defendants Boone County, Sheriff Carey, Damon Reynolds, and Defendant ACH had an unconstitutional custom related to medical care and treatment of inmates suffering from opioid withdrawal. "For municipal liability to arise under an unofficial custom, Plaintiff must show:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation."

*Hardy*, 2019 WL 7041512, at *3 (internal citations and quotations omitted). Here, Plaintiffs fail to allege all three elements necessary to plead an unconstitutional custom under *Monell*.

First, Plaintiffs do not allege a continuing, widespread, persistent pattern of unconstitutional misconduct by Boone County's employees. Plaintiffs only identify actions related to decedent's own situation, which is insufficient to establish a continuing, widespread, persistent pattern of unconstitutional misconduct. *See, e.g.*, *Schreiner v. Babbitt*, 2025 WL 1426090, at *4 (W.D. Mo. May 16, 2025) ("Furthermore, the complaint does not contain allegations of other

13

similar incidents that might stem from an unofficial custom."). Plaintiffs do not allege any other similar incidents that show a continuing, widespread, persistent pattern of unconstitutional conduct by Boone County employees. So, Plaintiffs have failed to allege an unconstitutional custom under *Monell*. *See, e.g.*, *Bell v. City of Bourbon, Missouri*, 2025 WL 973945, at *5 (E.D. Mo. Mar. 31, 2025) ("The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law.") (internal citation and quotation omitted). *See also Mesey v. St. Francois Cnty., Missouri*, 2023 WL 5748416, at *6 (E.D. Mo. Sept. 6, 2023) ("However, these two incidents fail to present a factual basis for a *Monell* claim of municipal liability based on custom or practice."); *compare Ziegler v. City of St. Louis, Missouri*, 2020 WL 709257, at *5 (E.D. Mo. Feb. 12, 2020) (plaintiff's *Monell* allegations related to using chemical agents without warning against peaceful protestors was sufficient to support the existence of an unconstitutional policy or custom because plaintiff alleged similar incidents occurring in "October and November 2014, in May and August 2015, and in July 2017; as well as other incidents that occurred after the <u>Stockley</u> verdict on September 15, 2017".). Here, Plaintiffs fail to allege a continuing, widespread, persistent pattern of unconstitutional misconduct by Boone County's employees. Plaintiffs only identify actions related to decedent's own situation, which is insufficient to establish a continuing, widespread, persistent pattern of unconstitutional misconduct. Plaintiffs fail to establish the first element required to plead the existence of an unconstitutional custom under *Monell*.

Second, Plaintiffs' allegation that "Defendants knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described above created a high degree of probability of injury or death to Decedent[.]" (Petition, p. 98, ¶ 467) is insufficient to establish the notice requirement of an unconstitutional custom claim. *See, e.g.*, *Hardy*, 2019 WL 7041512, at *4 ("Merely stating that 'Defendant knew or should have known of the discrimination,

harassment, retaliation, and/or hostile work environment' without a plausible factual foundation supporting the allegation does not establish sufficient support to overcome a motion to dismiss."). Likewise, Plaintiffs' general and conclusory allegation of notice as to these Defendants is insufficient to overcome the present Motion to Dismiss. Plaintiffs fail to establish the second element required to plead the existence of an unconstitutional custom under *Monell*.

Third, as in Count III, Plaintiffs' *Monell* claim in Count IV is an attempt to hold these Defendants liable for the acts of their subordinates. Plaintiffs never claim that Sheriff Carey or Defendant Reynolds cared for, treated, or even saw decedent when he was in the Boone County jail. "Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler*, 165 F.3d at 1204. *See also Curtis*, 2018 WL 3451522, at *2 ("Christian County may not be found liable under § 1983 based on a *respondeat superior* theory."). Likewise, here, these Defendants cannot be held liable under § 1983 based on a *respondeat superior* theory.

Finally, because Plaintiffs have failed to sufficiently allege an unconstitutional custom, they cannot allege – and fail to allege – that any alleged custom of Boone County was the moving force behind the constitutional violation in this case. Plaintiffs' lone conclusory allegation related to causation (Petition, p. 67, ¶ 367) fails to establish the causal link necessary to adequately allege an unconstitutional custom under *Monell*. Plaintiffs fail to establish the third element required to plead the existence of an unconstitutional custom under *Monell* because they do not allege sufficient facts to support their claim that Boone County's custom was the moving force behind the constitutional violations against decedent.

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count IV of Plaintiffs' Petition should be granted.

## E.    Count V – Deliberate Indifference (Failure to Train or Supervise)

Finally, Plaintiffs' claim of deliberate indifferent failure to train or supervise (Count V) cannot withstand the present Motion to Dismiss. "To make a case for liability under § 1983 for failure to train or supervise, Plaintiffs must demonstrate: 1) the existence of a clear and persistent pattern of constitutional violations by employees; 2) notice or constructive notice on the part of the municipality; (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in failing to act can be said to amount to an official policy of inaction; and 4) that the failure to act was the moving force or direct causal link in the constitutional deprivation." *Taylor*, 2024 WL 1171738, at *5–6. "To establish this claim, Plaintiff must show that Defendant had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Hardy*, 2019 WL 7041512, at *4. "*Monell* claims based on a failure to train must pass a higher bar than other *Monell* claims." *Briggs v. City of St. Louis*, 2022 WL 16635123, at *3 (E.D. Mo. Nov. 1, 2022).

First, Plaintiffs fail to allege a clear and persistent pattern of unconstitutional conduct by Boone County employees. Plaintiffs again only identify the alleged constitutional violations and deficiencies related to decedent's own situation. *See, e.g.*, *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train."). Here, Plaintiffs have not alleged a pattern of similar constitutional violations by untrained employees. So, Plaintiffs' claim related to failure to train or supervise fails.

Second, Plaintiffs fail to allege that these Defendants had notice that their training policy was inadequate, which requires dismissal. *See, e.g.*, *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1123 (8th Cir. 2005) ("Because the District did not have notice that its training policy

16

was inadequate, the parents have failed to show deliberate indifference. Therefore, we conclude the parents did not present sufficient evidence to support a section 1983 claim for failure to train.") (internal citation omitted). Likewise, here, Plaintiffs have failed to sufficiently allege that Boone County, Sheriff Carey, or Damon Reynolds had notice that their training policies were inadequate. So, again, Plaintiffs' claim related to failure to train or supervise fails.

In *Briggs v. City of St. Louis*, 2022 WL 16635123 (E.D. Mo. Nov. 1, 2022), the plaintiff alleged that defendants had notice of misconduct based on the deaths of ten inmates at the Justice Center over a ten-year period. The court in *Briggs* held: "Plaintiff fails to allege any factually specific underlying unconstitutional conduct that led to Parks's death and to relate it to any of the other deaths at the Justice Center that she alleges put defendants on notice of a persistent pattern to which they were deliberately indifferent. She does not allege any facts such as common circumstances, conditions, unconstitutional conduct, policies, or actors that allow the Court to reasonably infer that the referenced series of deaths constitutes a pattern that put officials like Jones and Clemons-Abdullah on notice." *Id*. at *4. The court held that the plaintiff's *Monell* claim was legally insufficient because the other ten deaths at the Justice Center were not alleged to be the result of the same specifically alleged and described custom and policy that led to the death in the instant case. *Id*.

Here, Plaintiffs do not identify even one other fentanyl withdrawal death occurring in the Boone County jail. Plaintiffs do not allege anything that would show that Sheriff Carey or Damon Reynolds were on notice of any alleged failure to train or supervise as to any of the Boone County jail employees.

Third, Plaintiffs' *Monell* claim is merely an attempt to hold these Defendants liable for the acts of their subordinates. Plaintiffs never claim that Sheriff Carey or Damon Reynolds cared for,

treated, or even saw decedent when he was in the Boone County jail. "Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler*, 165 F.3d at 1204. Likewise, here, Defendants Boone County, Sheriff Carey, and Damon Reynolds cannot be held liable under § 1983 based on a *respondeat superior* theory.

Finally, because Plaintiffs have failed to sufficiently allege an unconstitutional failure to train or supervise, they cannot allege – and fail to allege – that any alleged failure to train or supervise was the moving force behind the constitutional violation in this case. Plaintiffs' lone conclusory allegation related to causation (Petition, p. 67, ¶ 367) fails to establish the causal link necessary to adequately allege an unconstitutional failure to train or supervise under *Monell*.

To the extent that Plaintiffs claim that Sheriff Carey and Damon Reynolds are liable for failure to train or supervise in their individual capacities, such allegations also fail to state a claim. "A supervisor may be liable under § 1983 if her failure to properly train and supervise the offending employee caused a deprivation of constitutional rights. However, a supervisor is entitled to qualified immunity unless the plaintiff can show that the supervisor (1) received notice of a pattern of unconstitutional acts by a subordinate and (2) was deliberately indifferent to or authorized those acts. Allegations of generalized notice are insufficient; the prior instances of misconduct must be similar to the conduct giving rise to liability." *McNealy v. City of St. Louis, Missouri*, 2024 WL 4817299, at *8 (E.D. Mo. Nov. 18, 2024). "This rigorous standard requires proof that the supervisor had notice of a pattern of conduct by the subordinate that violated a clearly established constitutional right. Notice is the touchstone of deliberate indifference." *Hackney*, 2024 WL 3161616, at *8.

Here, Sheriff Carey and Damon Reynolds are entitled to qualified immunity because Plaintiffs do not allege that they received notice of a pattern of unconstitutional acts by

subordinates or that they were deliberately indifferent to or authorized those acts. Plaintiffs do not point to any prior instances of misconduct by Boone County employees that would have placed Sheriff Carey or Damon Reynolds on notice. *See, e.g.*, *Miller as Next Friend for Rippeto v. City of St. Louis*, 2024 WL 1366797, at *4 (E.D. Mo. Mar. 31, 2024) ("Because Plaintiffs failed to plead anything more than conclusory allegations that Defendants Clemons-Abdullah and Barnes had notice of a pattern of unconstitutional acts committed by their subordinates, Clemons-Abdullah and Barnes are entitled to qualified immunity from the claims in Counts I and II."). Sheriff Carey and Damon Reynolds are entitled to qualified immunity because Plaintiffs fail to allege that Sheriff Carey and Damon Reynolds had notice of a pattern of unconstitutional acts committed by their subordinates.

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count V of Plaintiffs' Petition should be granted.

WHEREFORE, Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds respectfully request the Court grant their present Motion to Dismiss, dismiss all claims against them in Plaintiffs' Petition, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

VESSELL BRIDGES MURPHY LAW OFFICES

By: */s/ Jack Fleming*_____
     Jack Fleming, MO Bar #68072
     3901 S. Providence Road, Suite D
     Columbia, MO 65203
     (P) 573-777-4488
     (F) 573-777-4489
     jack.fleming@vbmlaw.com
     **ATTORNEYS FOR DEFENDANTS**
     **BOONE COUNTY, MISSOURI,**
     **SHERIFF DWAYNE CAREY,**
     **& DAMON REYNOLDS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, a true and correct copy of the above and foregoing document was filed electronically with the Court to be served on all counsel of record via operation of the Court's electronic filing system.

By: */s/ Jack Fleming*_____
     Jack Fleming

20