# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, et al. | **)** | |
| | **)** | |
| Plaintiff, | **)** | Cause No. 2:25-CV-04210 |
| | **)** | |
| v. | **)** | |
| | **)** | **JURY TRIAL DEMANDED** |
| BOONE COUNTY, MISSOURI, et al. | **)** | |
| | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

## **DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., ALAN M. WEAVER, ANGELA HUTCHISON, LISA LONG, JARED BETHEL AND JESSIE L. CALDWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY  TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendants Advanced Correctional Healthcare, Inc. ("ACH"), Alan M. Weaver ("Weaver"), Angela Hutchison ("Hutchison"), Lisa Long ("Long"), Jared Bethel ("Bethel") and Jessie L. Caldwell ("Caldwell"), together herein named as "Medical Defendants" by and through undersigned counsel, and for their Answer to Plaintiffs' First Amended Complaint (Doc. 46), states as follows:

## **Introduction**

These Defendants deny all the allegations contained in Plaintiffs' Introduction, which does not contained numbered Paragraphs.

1

## Facts Common to All Counts

1. These Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.

## PARTIES

2. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

3. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

4. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

5. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

6. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

7. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

8. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

9. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

10. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

11. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

12. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

13. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

14. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

15. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

16. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

17. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

18. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

19. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

20. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

21. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

22. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

23. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

24. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

25. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

26. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

27. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

28. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

29. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

30. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

31. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

32. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

33. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

34. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

35. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

36. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

37. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

38. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

39. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

40. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

41. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

42. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

43. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

44. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

45. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

46. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

47. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

48. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

49. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

50. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

51. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

52. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

53. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

54. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

55. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

56. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

57. These Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint.

58. These Defendants denied they were legally obligated to provide healthcare services to individuals detained at the Boone County Jail, but admit the remainder of the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint.

59. These Defendants deny the allegations contained in Paragraph 59 in Plaintiffs' First Amended Complaint.

60. These Defendants admit the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint.

61. These Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint.

62. These Defendants admit that Defendant Weaver was a licensed doctor but deny the remaining allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63. These Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint.

64. These Defendants admit that Defendant Hutchison was a licensed nurse but deny the remaining allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint.

65. These Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint.

66. These Defendants admit that Defendant Long was a licensed nurse but deny the remaining allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint.

67. These Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' First Amended Complaint.

68. These Defendants admit that Defendant Bethel was a licensed nurse but deny the remaining allegations of Paragraph 68 of Plaintiff's Petition.

69. These Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint.

70. These Defendants admit that Defendant Caldwell was a licensed nurse but deny the remaining allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint.

71. These Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint.

72. These Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' First Amended Complaint.

73. These Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint.

74. These Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' First Amended Complaint.

75. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

76. Paragraph 76 of Plaintiffs' First Amended Complaint does not set forth facts calling for a response, but if interpreted as requiring a response, then these Defendants deny same.

## ARREST

77. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 77 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

78. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

79. Paragraph 79 of Plaintiffs' First Amended Complaint does not set forth facts calling for a response, but if interpreted as requiring a response, then these Defendants deny same.

## INTAKE AND BOOKING

80. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

81.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

82.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

83.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

84.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 84 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

85.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

86.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

87.   These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

88. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

89. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

90. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

91. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

92. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

93. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

94. These Defendants admit that Defendant Hutchison performed Decedent's "Medical History and Health Appraisal" at the Boone County Jail on June 30, 2022, but deny the remainder of the allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint.

95. These Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint.

96. These Defendants admit the allegations contained in Paragraph 96 of Plaintiffs' First Amended Complaint.

## DECEDENT'S PRIOR INTERACTIONS WITH THE BOONE COUNTY JAIL AND JAILERS

97. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

98. These Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' First Amended Complaint.

99. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

100. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

101. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 101 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

Case 2:25-cv-04210-MDH    Document 50    Filed 05/08/26    Page 15 of 66

102. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 102 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

103. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 103 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

104. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 104 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

105. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 105 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

106. These Defendants admit that Decedent claimed these symptoms as having at some point in time but deny the remainder of the allegations contained in Paragraph 106 of Plaintiffs' First Amended Complaint.

107. These Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint.

108. These Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' First Amended Complaint.

109. These Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint.

# A NATIONAL EPIDEMIC

110.    Paragraph 110 of Plaintiffs' First Amended Complaint does not set forth facts calling for a response, but if interpreted as requiring a response, then these Defendants deny same.

111.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 111 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

112.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

113.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 113 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

114.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 114 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

115.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 115 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

116.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 116 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

117. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 117 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

118. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 118 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

119. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 119 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

120. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

121. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 121 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

122. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 122 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

### OPIOD DETOX AND WITHDRAWALS

123. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 123 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

124. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 124 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

125. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 125 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

126. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 126 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

## A FATAL 93-HOUR DETENTION

127. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 127 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

128. These Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' First Amended Complaint.

129. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 129 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

130. These Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' First Amended Complaint.

131. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 131 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

132. These Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' First Amended Complaint.

133. These Defendants admit the "Refusal of Treatment Medical Release Form" has printed information as was copied and pasted into Plaintiff's Complaint, but otherwise denies any further allegations contained in Paragraph 133 of Plaintiffs' First Amended Complaint.

134. These Defendants admit the "Refusal of Treatment Medical Release Form" has printed information as was copied and pasted into Plaintiff's Complaint, but otherwise denies any further allegations contained in Paragraph 134 of Plaintiffs' First Amended Complaint.

135. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 135 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

136. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 136 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

137. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 137 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

138. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 138 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

139. These Defendants deny the allegations contained in Paragraph 139 as they relate to these Defendants, but are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 139 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

140. These Defendants deny the allegations contained in Paragraph 140 as they relate to these Defendants but are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 140 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

141. These Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' First Amended Complaint.

142. These Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' First Amended Complaint.

143. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 143 of Plaintiffs' First Amended Complaint as they relate to other Defendants, but deny the remainder of the allegations contained in Paragraph 143 of Plaintiffs' First Amended Complaint.

144. These Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' First Amended Complaint.

145. These Defendants deny the allegations contained in Paragraph 145 of Plaintiffs' First Amended Complaint.

146. These Defendants admit that Defendant Hutchison conducted a Medical History and Health Appraisal of Decedent on June 30, 2022, but deny the remaining allegations contained in Paragraph 146 of Plaintiffs' First Amended Complaint.

147. These Defendants admit the allegations contained in Paragraph 147 of Plaintiffs' First Amended Complaint.

148. These Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' First Amended Complaint.

149. These Defendants admit the allegations contained in Paragraph 149 of Plaintiffs' First Amended Complaint.

150. These Defendants admit the allegations contained in Paragraph 150 of Plaintiffs' First Amended Complaint.

151. These Defendants admit the allegations contained in Paragraph 151 of Plaintiffs' First Amended Complaint.

152. These Defendants admit the allegations contained in Paragraph 152 of Plaintiffs' First Amended Complaint.

153. These Defendants deny the allegations contained in Paragraph 153 of Plaintiffs' First Amended Complaint.

154. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 154 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

155. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 155 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

156. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 156 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

157. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 157 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

158. These Defendants admit the allegations contained in Paragraph 158 of Plaintiffs' First Amended Complaint, except they deny that this occurred at 12:50 p.m. on June 30, 2022.

159. These Defendants deny the allegations contained in Paragraph 159 of Plaintiffs' First Amended Complaint.

160. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 160 of Plaintiffs' First Amended Complaint that are not directed to these Defendants but deny the remainder of the allegations contained in Paragraph 160 of Plaintiffs' First Amended Complaint.

161. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 161 of Plaintiffs' First Amended Complaint that are not directed to these Defendants but deny the remainder of the allegations contained in Paragraph 160 of Plaintiffs' First Amended Complaint.

162. These Defendants admit that Defendant Hutchison approached Decedent's cell on June 30, 2022, but deny the remaining allegations contained in Paragraph 162 of Plaintiffs' First Amended Complaint.

163. These Defendants admit that Defendant Hutchison approached Decedent's cell on June 30, 2022, but deny the remaining allegations contained in Paragraph 163 of Plaintiffs' First Amended Complaint.

164. These Defendants deny the allegations contained in Paragraph 164 of Plaintiffs' First Amended Complaint.

165. These Defendants deny the allegations contained in Paragraph 164 of Plaintiffs' First Amended Complaint.

166. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 166 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

167. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 167 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

168. These Defendants deny the allegations contained in Paragraph 168 of Plaintiffs' First Amended Complaint.

169. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 169 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

170. These Defendants deny the allegations contained in Paragraph 168 of Plaintiffs' First Amended Complaint.

171. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 171 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

172. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 172 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

173. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 173 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

174. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 174 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

175. These Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' First Amended Complaint.

176. These Defendants admit that Defendant Long met Decedent at the nurses' station but deny the remaining allegations contained in Paragraph 176 of Plaintiffs' First Amended Complaint.

177. These Defendants deny that Decedent lethargically meandered but are without sufficient information to admit or deny the remainder of the allegations

contained in Paragraph 177 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

178. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 178 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

179. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 179 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

180. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 180 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

181. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 181 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

182. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 182 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

183. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 183 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

184. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 184 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

185. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 185 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

186. These Defendants deny that Decedent was completely unaware of the encounter but are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 186 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

187. These Defendants admit that Defendant Long went to Decedent's cell but deny the remaining allegations contained in Paragraph 187 of Plaintiffs' First Amended Complaint.

188. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 188 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

189. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 189 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

190. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 190 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

191. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 191 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

192. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 192 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

193. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 193 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

194. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 194 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

195. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 195 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

196. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 196 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

197. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 197 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

198. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 198 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

199. These Defendants admit the allegations contained in Paragraph 199 of Plaintiffs' First Amended Complaint.

200. These Defendants deny the allegations contained in Paragraph 200 of Plaintiffs' First Amended Complaint.

201. These Defendants deny the allegations contained in Paragraph 201 of Plaintiffs' First Amended Complaint.

202. These Defendants admit that Defendant Long completed a "Refusal of Treatment Medical Release Form" on July 1, 2022, and that Decedent refused detox vital signs and medicine but deny the remainder of the allegations contained in Paragraph 202 of Plaintiffs' First Amended Complaint.

203. These Defendants deny the allegations contained in Paragraph 203 of Plaintiffs' First Amended Complaint.

204. These Defendants deny the allegations contained in Paragraph 204 of Plaintiffs' First Amended Complaint.

205. These Defendants deny the allegations contained in Paragraph 205 of Plaintiffs' First Amended Complaint.

206. These Defendants deny the allegations contained in Paragraph 206 of Plaintiffs' First Amended Complaint.

207. These Defendants deny the allegations contained in Paragraph 207 of Plaintiffs' First Amended Complaint.

208. These Defendants deny the allegations contained in Paragraph 208 of Plaintiffs' First Amended Complaint.

209. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 209 of Plaintiffs' First Amended Complaint.

210. These Defendants deny the allegations contained in Paragraph 210 of Plaintiffs' First Amended Complaint.

211. These Defendants deny the allegations contained in Paragraph 211 of Plaintiffs' First Amended Complaint.

212. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 212 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

213. These Defendants deny the allegations contained in Paragraph 213 of Plaintiffs' First Amended Complaint.

214. These Defendants deny the allegations contained in Paragraph 214 of Plaintiffs' First Amended Complaint.

215. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 215 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

216. These Defendants deny the allegations contained in Paragraph 216 of Plaintiffs' First Amended Complaint.

217. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 217 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

218. These Defendants admit that Defendant Bethel completed a "Refusal of Treatment Medical Release Form" on July 2, 2022, and that Decedent refused detox vital signs and medicine but deny the remainder of the allegations contained in Paragraph 218 of Plaintiffs' First Amended Complaint.

219. These Defendants deny the allegations contained in Paragraph 219 of Plaintiffs' First Amended Complaint.

220. These Defendants deny the allegations contained in Paragraph 220 of Plaintiffs' First Amended Complaint.

221. These Defendants deny the allegations contained in Paragraph 221 of Plaintiffs' First Amended Complaint.

222. These Defendants deny the allegations contained in Paragraph 222 of Plaintiffs' First Amended Complaint.

223. These Defendants deny the allegations contained in Paragraph 223 of Plaintiffs' First Amended Complaint.

224. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 224 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

225. These Defendants deny the allegations contained in Paragraph 225 of Plaintiffs' First Amended Complaint.

226. These Defendants deny the allegations contained in Paragraph 226 of Plaintiffs' First Amended Complaint.

227. These Defendants deny the allegations contained in Paragraph 227 of Plaintiffs' First Amended Complaint.

228. These Defendants deny the allegations contained in Paragraph 228 of Plaintiffs' First Amended Complaint.

229. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 229 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

230. These Defendants deny the allegations contained in Paragraph 230 of Plaintiffs' First Amended Complaint.

231. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 231 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

232. These Defendants deny the allegations contained in Paragraph 232 of Plaintiffs' First Amended Complaint.

233. These Defendants deny the allegations contained in Paragraph 233 of Plaintiffs' First Amended Complaint.

234. These Defendants deny the allegations contained in Paragraph 234 of Plaintiffs' First Amended Complaint.

235. These Defendants deny the allegations contained in Paragraph 235 of Plaintiffs' First Amended Complaint.

236. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 236 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

237. These Defendants deny the allegations contained in Paragraph 237 of Plaintiffs' First Amended Complaint.

238. These Defendants deny the allegations contained in Paragraph 238 of Plaintiffs' First Amended Complaint.

239. These Defendants deny the allegations contained in Paragraph 239 of Plaintiffs' First Amended Complaint.

240. These Defendants deny the allegations contained in Paragraph 240 of Plaintiffs' First Amended Complaint.

241. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 241 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

242. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 242 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

243. These Defendants deny the allegations contained in Paragraph 240 of Plaintiffs' First Amended Complaint.

244. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 244 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

245. These Defendants deny the allegations contained in Paragraph 245 of Plaintiffs' First Amended Complaint.

246. These Defendants deny the allegations contained in Paragraph 246 of Plaintiffs' First Amended Complaint.

247. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 247 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

248. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 248 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

249. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 249 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

250. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 250 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

251. These Defendants deny the allegations contained in Paragraph 251 of Plaintiffs' First Amended Complaint.

252. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 252 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

253. These Defendants deny the allegations contained in Paragraph 253 of Plaintiffs' First Amended Complaint.

254. These Defendants admit that Defendant Caldwell visited Decedent's cell but deny the remainder of the allegations contained in Paragraph 254 of Plaintiffs' First Amended Complaint.

255. These Defendants admit that Defendant Caldwell completed a "Refusal of Treatment Medical Release Form", that Decedent refused medication and that Defendant Caldwell advised Decedent of the complications of his refusal, but deny the remaining allegations contained in Paragraph 255 of Plaintiffs' First Amended Complaint.

256. These Defendants deny the allegations contained in Paragraph 256 of Plaintiffs' First Amended Complaint.

257. These Defendants deny the allegations contained in Paragraph 257 of Plaintiffs' First Amended Complaint.

258. These Defendants deny the allegations contained in Paragraph 258 of Plaintiffs' First Amended Complaint.

259. These Defendants admit the allegations contained in Paragraph 259 of Plaintiffs' First Amended Complaint.

260. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 260 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

261. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 261 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

262. These Defendants admit that Defendant Caldwell visited Decedent's cell but deny the remainder of the allegations of Paragraph 262 of Plaintiffs' First Amended Complaint.

263. These Defendants deny the allegations contained in Paragraph 263 of Plaintiffs' First Amended Complaint.

264. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 264 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

265. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 265 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

266. These Defendants deny the allegations of Paragraph 266 of Plaintiffs' First Amended Complaint.

267. These Defendants admit that Defendant Caldwell asked to take Decedent's vitals and to have him showered but deny the remainder of the allegations of Paragraph 267 of Plaintiffs' First Amended Complaint.

268. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 268 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

269. These Defendants deny the allegations of Paragraph 269 of Plaintiffs' First Amended Complaint.

270. These Defendants deny the allegations of Paragraph 270 of Plaintiffs' First Amended Complaint.

271. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 271 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

272. These Defendants admit that Defendant Caldwell did chest compressions and asked someone to call 911 but deny the remainder of the allegations contained in Paragraph 272 of Plaintiffs' First Amended Complaint.

273. These Defendants admit the allegations contained in Paragraph 273 of Plaintiffs' First Amended Complaint.

274. These Defendants admit the allegations contained in Paragraph 274 of Plaintiffs' First Amended Complaint.

275. These Defendants admit the allegations contained in Paragraph 275 of Plaintiffs' First Amended Complaint.

276. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 276 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

277. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 277 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

278. These Defendants are without sufficient information to admit or deny whether Decedent ate breakfast, lunch or dinner on the specific dates mentioned in Paragraph 278 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form. These Defendants deny the remainder of the allegations contained in Paragraph 278 of Plaintiffs' First Amended Complaint.

279. No answer is required to Paragraph 279 of Plaintiffs' First Amended Complaint because that Paragraph is not directed against these Defendants. However, if it is determined that Paragraph 279 of Plaintiffs' First Amended Complaint is directed against these Defendants, then these Defendants deny same.

280. No answer is required to Paragraph 280 of Plaintiffs' First Amended Complaint because that Paragraph is not directed against these Defendants. However, if it is determined that Paragraph 280 of Plaintiffs' First Amended Complaint is directed against these Defendants, then these Defendants deny same.

281. No answer is required to Paragraph 281 of Plaintiffs' First Amended Complaint because that Paragraph is not directed against these Defendants. However, if it is determined that Paragraph 281 of Plaintiffs' First Amended Complaint is directed against these Defendants, then these Defendants deny same.

282. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 282 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

283. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 283 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

284. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 284 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

285. No answer is required to Paragraph 285 of Plaintiffs' First Amended Complaint because that Paragraph is not directed against these Defendants. However, if it is determined that Paragraph 285 of Plaintiffs' First Amended Complaint is directed against these Defendants, then these Defendants deny same.

286. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 286 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

287. The allegations contained in Paragraph 287 of Plaintiffs' First Amended Complaint call for a legal conclusion, to which no answer is required. Should it be deemed that an answer is required, these Defendants deny Paragraph 287 of Plaintiffs' First Amended Complaint.

288. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 288 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

289. These Defendants admit the allegations contained in Paragraph 289 of Plaintiffs' First Amended Complaint.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PRETRIAL DETAINEES AND INMATES AT BOONE COUNTY JAIL

290. The statement contained in Paragraph 290 of Plaintiffs' First Amended Complaint is a statement and hearsay, and not allegations, and therefore does not require a response. Should it be deemed a response is required, these Defendants deny Paragraph 290 of Plaintiffs' First Amended Complaint.

291. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 291 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

292. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 292 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

293. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 293 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

294. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 294 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

295. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 295 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

296. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 296 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

297. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 297 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

298. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 298 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

299. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 299 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

300. The statement contained in Paragraph 300 of Plaintiffs' First Amended Complaint is a statement and hearsay, and not allegations, and therefore does not require a response. Should it be deemed a response is required, these Defendants deny Paragraph 300 of Plaintiffs' First Amended Complaint.

301. The statement contained in Paragraph 301 of Plaintiffs' First Amended Complaint is a statement and hearsay, and not allegations, and therefore does not require a response. Should it be deemed a response is required, these Defendants deny Paragraph 301 of Plaintiffs' First Amended Complaint.

302. The statement contained in Paragraph 302 of Plaintiffs' First Amended Complaint is a statement and hearsay, and not allegations, and therefore does not

require a response. Should it be deemed a response is required, these Defendants deny Paragraph 302 of Plaintiffs' First Amended Complaint.

303. The statement contained in Paragraph 303 of Plaintiffs' First Amended Complaint is a statement and hearsay, and not allegations, and therefore does not require a response. Should it be deemed a response is required, these Defendants deny Paragraph 303 of Plaintiffs' First Amended Complaint.

304. The statement contained in Paragraph 304 of Plaintiffs' First Amended Complaint is a statement and hearsay, and not allegations, and therefore does not require a response. Should it be deemed a response is required, these Defendants deny Paragraph 304 of Plaintiffs' First Amended Complaint.

305. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 305 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

306. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 306 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

307. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 307 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

308. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 308 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

309. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 309 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

310. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 310 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

311. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 311 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

312. These Defendants deny the allegations contained in paragraph 312 of Plaintiffs' First Amended Complaint.

313. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 313 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

314. These Defendants deny the allegations contained in Paragraph 314 of Plaintiffs' First Amended Complaint.

315. These Defendants admit the allegations contained in Paragraph 315 of Plaintiffs' First Amended Complaint.

316. These Defendants deny the allegations contained in Paragraph 316 of Plaintiffs' First Amended Complaint.

317. These Defendants admit the allegations contained in Paragraph 317 of Plaintiffs' First Amended Complaint.

318. These Defendants deny the allegations contained in Paragraph 318 of Plaintiffs' First Amended Complaint.

319. These Defendants deny the allegations contained in Paragraph 319 of Plaintiffs' First Amended Complaint.

320. These Defendants admit the allegations contained in Paragraph 320 of Plaintiffs' First Amended Complaint.

321. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 321 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

322. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 322 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

323. These Defendants deny the allegations contained in Paragraph 323 of Plaintiffs' First Amended Complaint.

324. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 324 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

325. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 325 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

326. No answer is required to Paragraph 326 of Plaintiffs' First Amended Complaint because that Paragraph is not directed against these Defendants.

However, if it is determined that Paragraph 326 of Plaintiffs' First Amended Complaint is directed against these Defendants, then these Defendants deny same.

327. These Defendants admit that the quoted passage in Paragraph 327 of Plaintiffs' First Amended Complaint is part of the contract terms.

328. These Defendants deny the allegations contained in Paragraph 328 of Plaintiffs' First Amended Complaint.

329. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 329 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

330. These Defendants deny the allegations contained in Paragraph 330 of Plaintiffs' First Amended Complaint.

331. These Defendants deny the allegations contained in Paragraph 331 of Plaintiffs' First Amended Complaint.

332. These Defendants deny the allegations contained in Paragraph 332 of Plaintiffs' First Amended Complaint.

333. These Defendants deny the allegations contained in Paragraph 333 of Plaintiffs' First Amended Complaint.

334. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 334 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

335. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 335 of Plaintiffs' First Amended Complaint and therefore, deny same as a matter of form.

336. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 336 of Plaintiffs' First Amended Complaint and therefore, deny same as a matter of form.

337. These Defendants deny the allegations contained in Paragraph 337 of Plaintiffs' First Amended Complaint that are directed against them but are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 337 of Plaintiffs' First Amended Complaint and therefore, deny same as a matter of form.

338. These Defendants deny the allegations contained in Paragraph 338 of Plaintiffs' First Amended Complaint.

339. These Defendants deny the allegations contained in Paragraph 339 of Plaintiffs' First Amended Complaint.

340. These Defendants deny the allegations contained in Paragraph 340 of Plaintiffs' First Amended Complaint.

341. These Defendants deny the allegations contained in Paragraph 341 of Plaintiffs' First Amended Complaint.

342. These Defendants deny the allegations contained in Paragraph 342 of Plaintiffs' First Amended Complaint.

343. These Defendants deny the allegations contained in Paragraph 343 of Plaintiffs' First Amended Complaint.

344. These Defendants deny the allegations contained in Paragraph 344 of Plaintiffs' First Amended Complaint.

345. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 345 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

346. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 346 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

347. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 347 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

348. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 348 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

349. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 349 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

350. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 350 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

351. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 351 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

352. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 352 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

353. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 353 of Plaintiffs' First Amended Complaint, and therefore, deny same as a matter of form.

354. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 354 of Plaintiff's Petition, and therefore, deny same as a matter of form.

355. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 355 of Plaintiffs' First Amended Complaint that are not directed against these Defendants, and therefore, deny same as a matter of form. However, any allegations contained in Paragraph 355 of Plaintiffs' First Amended Complaint that are directed against these Defendants, these Defendants deny.

356. These Defendants deny the allegations contained in Paragraph 356 of Plaintiffs' First Amended Complaint.

357. These Defendants deny the allegations contained in Paragraph 357 of Plaintiffs' First Amended Complaint.

358. These Defendants deny the allegations contained in Paragraph 358 of Plaintiffs' First Amended Complaint.

359. These Defendants deny the allegations contained in Paragraph 359 of Plaintiffs' First Amended Complaint.

360. These Defendants deny the allegations contained in Paragraph 360 of Plaintiffs' First Amended Complaint.

361. These Defendants deny the allegations contained in Paragraph 361 of Plaintiffs' First Amended Complaint.

362. These Defendants deny the allegations contained in Paragraph 362 of Plaintiffs' First Amended Complaint.

363. These Defendants deny the allegations contained in Paragraph 363 of Plaintiffs' First Amended Complaint.

364. These Defendants deny the allegations contained in Paragraph 364 of Plaintiffs' First Amended Complaint.

365. These Defendants deny the allegations contained in Paragraph 365 of Plaintiffs' First Amended Complaint.

366. These Defendants deny the allegations contained in Paragraph 366 of Plaintiffs' First Amended Complaint.

367. These Defendants deny the allegations contained in Paragraph 367 of Plaintiffs' First Amended Complaint.

## COUNT I – WRONGFUL DEATH | MEDICAL MALPRACTICE (AGAINST DEFENDANTS ACH, WEAVER, HUTCHISON, BETHEL, LONG AND CALDWELL

368. In response to Paragraph 368 of Plaintiffs' First Amended Complaint, these Defendants incorporate by reference their responses to Paragraphs 1-367 as though set forth in full herein.

369. These Defendants admit the allegations contained in Paragraph 369 of Plaintiffs' First Amended Complaint.

370. These Defendants admit the allegations contained in Paragraph 370 of Plaintiffs' First Amended Complaint.

371. These Defendants admit the allegations contained in Paragraph 371 of Plaintiffs' First Amended Complaint.

372. These Defendants deny the allegations contained in Paragraph 372 of Plaintiffs' First Amended Complaint.

373. These Defendants deny the allegations contained in Paragraph 373 of Plaintiffs' First Amended Complaint.

374. These Defendants deny the allegations contained in Paragraph 374 of Plaintiffs' First Amended Complaint.

375. These Defendants deny the allegations contained in Paragraph 375 of Plaintiffs' First Amended Complaint.

376. These Defendants deny the allegations contained in Paragraph 376 of Plaintiffs' First Amended Complaint.

377. These Defendants deny the allegations contained in Paragraph 377 of Plaintiffs' First Amended Complaint.

378. The allegations contained in Paragraph 378 of Plaintiffs' First Amended Complaint call for a legal conclusion and no answer is required. If a response is required, these Defendants admit the allegations contained in Paragraph 378 of Plaintiffs' First Amended Complaint.

379. These Defendants deny the allegations contained in Paragraph 379 of Plaintiffs' First Amended Complaint.

380. These Defendants deny the allegations contained in Paragraph 380 of Plaintiffs' First Amended Complaint.

381. These Defendants deny the allegations contained in Paragraph 381 of Plaintiffs' First Amended Complaint.

382. These Defendants deny the allegations contained in Paragraph 382 of Plaintiffs' First Amended Complaint.

383. These Defendants deny the allegations contained in Paragraph 383, and all subparts therein, of Plaintiffs' First Amended Complaint.

384. These Defendants deny the allegations contained in Paragraph 384 of Plaintiffs' First Amended Complaint.

385. These Defendants deny the allegations contained in Paragraph 385, and all subparts therein, of Plaintiffs' First Amended Complaint.

386. These Defendants deny the allegations contained in Paragraph 386, and all subparts therein, of Plaintiffs' First Amended Complaint.

387. These Defendants deny the allegations contained in Paragraph 387, and all subparts therein, of Plaintiffs' First Amended Complaint.

388. These Defendants deny the allegations contained in Paragraph 388, and all subparts therein, of Plaintiffs' First Amended Complaint.

389. These Defendants deny the allegations contained in Paragraph 389 of Plaintiffs' First Amended Complaint.

390. These Defendants deny the allegations contained in Paragraph 390 of Plaintiffs' First Amended Complaint.

391. These Defendants deny the allegations contained in Paragraph 391 of Plaintiffs' First Amended Complaint.

392. These Defendants deny the allegations contained in Paragraph 392 of Plaintiffs' First Amended Complaint.

393. Plaintiffs make a statement in Paragraph 393 of Plaintiffs' First Amended Complaint, to which no answer is required. However, these Defendants deny that Plaintiffs are entitled to see damages, and therefore deny the allegations contained in Paragraph 393 of Plaintiffs' First Amended Complaint.

394. These Defendants deny the allegations contained in Paragraph 394 of Plaintiffs' First Amended Complaint.

395. These Defendants deny the allegations contained in Paragraph 395 of Plaintiffs' First Amended Complaint.

396. Plaintiffs make a statement in Paragraph 396 of Plaintiffs' First Amended Complaint, to which no answer is required. However, should an answer be

required, these Defendants deny Paragraph 396 of Plaintiffs' First Amended Complaint.

## COUNT II – DELIBERATE INDIFFERENCE AGAINST DEFENDANTS FOSTER, RICHARDSON, O'TOOLE, LIGHT, AUSTIN, VOLNER, FISHER, CASTALDI, OBERLE, STARCHER, PERKINS, ROSS, UNKNOWN 4, DOE 1, DOE 2, AND DOE 3

397. In response to Paragraph 397 of Plaintiffs' First Amended Complaint, these Defendants incorporate by reference their responses to Paragraphs 1-396 as though set forth in full herein.

398-431. The allegations and averments of Count II of Plaintiffs' First Amended Complaint are not directed against these defendants, who make no answer thereto. To the extent that any allegation should be construed as directed against these defendants, then they specifically deny same.

## COUNT III – DELIBERATE INDIFFERENCE (UNCONSTITUTIONAL POLICY) AGAINST DEFENDANTS COUNTY, SHERIFF, AND REYNOLDS

432. In response to Paragraph 432 of Plaintiffs' First Amended Complaint, these Defendants incorporate by reference their responses to Paragraphs 1-431 as though set forth in full herein.

433-451. The allegations and averments of Count III of Plaintiffs' First Amended Complaint are not directed against these defendants, who make no answer thereto. To the extent that any allegation should be construed as directed against these defendants, then they specifically deny same.

<u>**COUNT IV – DELIBERATE INDIFFERENCE (UNCONSTITUTIONAL CUSTOM) AGAINST DEFENDANTS COUNTY, SHERIFF, REYNOLDS, AND ACH**</u>

452. In response to Paragraph 452 of Plaintiffs' First Amended Complaint, this Defendant incorporates by reference its responses to Paragraphs 1-451 as though set forth in full herein.

453. These Defendants deny the allegations contained in Paragraph 453 of Count IV of Plaintiffs' First Amended Complaint.

454. These Defendants admit the allegations contained in Paragraph 454 of Count IV of Plaintiffs' First Amended Complaint.

455. The allegations contained in Paragraph 455 of Count IV of Plaintiffs' First Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, these Defendants admit that is what the Eighth Amendment to the U.S. Constitution prohibits.

456. The allegations contained in Paragraph 456 of Count IV of Plaintiffs' First Amended Complaint call for a legal conclusion to which no response is required.

457. These Defendants deny the allegations contained in Paragraph 457, and all subparts therein, of Count IV of Plaintiffs' First Amended Complaint.

458. These Defendants deny the allegations contained in Paragraph 458 of Count IV of Plaintiffs' First Amended Complaint.

459. These Defendants deny the allegations contained in Paragraph 459 of Count IV of Plaintiffs' First Amended Complaint.

460. These Defendants deny the allegations contained in Paragraph 460 of Count IV of Plaintiffs' First Amended Complaint.

461. These Defendants deny the allegations contained in Paragraph 461 of Count IV of Plaintiffs' First Amended Complaint.

462. These Defendants deny the allegations contained in Paragraph 462 of Count IV of Plaintiffs' First Amended Complaint.

463. These Defendants deny the allegations contained in Paragraph 463 of Count IV of Plaintiffs' First Amended Complaint.

464. These Defendants deny the allegations contained in Paragraph 464 of Count IV of Plaintiffs' First Amended Complaint.

465. These Defendants deny the allegations contained in Paragraph 465 of Count IV of Plaintiffs' First Amended Complaint.

466. These Defendants deny the allegations contained in Paragraph 466 of Count IV of Plaintiffs' First Amended Complaint.

467. These Defendants deny the allegations contained in Paragraph 467 of Count IV of Plaintiffs' First Amended Complaint.

468. These Defendants deny the allegations contained in Paragraph 468 of Count IV of Plaintiffs' First Amended Complaint.

Case 2:25-cv-04210-MDH    Document 50    Filed 05/08/26    Page 55 of 66

## COUNT V – DELIBERATE INDIFFERENCE (FAILURE TO TRAIN OR SUPERVISE) AGAINST DEFENDANTS COUNTY, SHERIFF, REYNOLDS, AND ACH

469. In response to Paragraph 469 of Plaintiffs' First Amended Complaint, these Defendants incorporate by reference their responses to Paragraphs 1-468 as though set forth in full herein.

470. These Defendants deny the allegations contained in Paragraph 470 of Count V of Plaintiffs' First Amended Complaint.

471. These Defendants admit the allegations contained in Paragraph 471 of Count V of Plaintiffs' First Amended Complaint.

472. The allegations contained in Paragraph 472 of Count V of Plaintiffs' First Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, these Defendants admit that is what the Eighth Amendment to the U.S. Constitution prohibits.

473. The allegations contained in Paragraph 473 of Count V of Plaintiffs' First Amended Complaint call for a legal conclusion to which no response is required.

474. These Defendants deny the allegations, and all subparts therein, of Paragraph 474 of Count V of Plaintiffs' First Amended Complaint.

475. These Defendants deny the allegations contained in Paragraph 475 of Count V of Plaintiffs' First Amended Complaint.

476. These Defendants deny the allegations contained in Paragraph 476 of Count V of Plaintiffs' First Amended Complaint.

477. These Defendants deny the allegations contained in Paragraph 477 of Count V of Plaintiffs' First Amended Complaint.

478. These Defendants deny the allegations contained in Paragraph 478 of Count V of Plaintiffs' First Amended Complaint.

479. These Defendants deny the allegations contained in Paragraph 479 of Count V of Plaintiffs' First Amended Complaint.

480. These Defendants deny the allegations contained in Paragraph 480 of Count V of Plaintiffs' First Amended Complaint.

481. These Defendants deny the allegations contained in Paragraph 481 of Count V of Plaintiffs' First Amended Complaint.

482. These Defendants deny the allegations contained in Paragraph 482 of Count V of Plaintiffs' First Amended Complaint.

483. These Defendants deny the allegations contained in Paragraph 483 of Count V of Plaintiffs' First Amended Complaint.

484. These Defendants deny the allegations contained in Paragraph 484 of Count V of Plaintiffs' First Amended Complaint.

485. These Defendants deny the allegations contained in Paragraph 485 of Count V of Plaintiffs' First Amended Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

1. Any other allegation, averment, statement or contention set forth in Plaintiffs' First Amended Complaint that has not otherwise been addressed in the specifically enumerated paragraphs above is hereby denied.

2.     These Defendants state that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

3.     These Defendants claim reliance on the benefits and provisions of Chapters 537 and 538, RSMo., as amended by House Bill 393 on August 28, 2005, including but not limited to, Section 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300, as each may pertain to this cause of action.

4.     These Defendants did not violate any Missouri law, the United States Constitution or any statutory right.

5.     These Defendants state that Decedent's damages and/or injuries, if any, were the result of and proximately caused by Decedent's own negligence, fault, conduct and behavior, and/or the acts and/or negligence, fault, conduct, and behavior of one or more persons or entities over whom these Defendants has no control or right to control, and whose fault should be compared and any damages should be reduced or apportioned thereby in accordance with the comparative fault laws of the State of Missouri and Chapter 538 of the Revised Statutes of Missouri.

6.     These Defendants state that Plaintiffs and/or Plaintiffs' Decedent failed to mitigate any alleged injuries and/or damages, if any.

7.     These Defendants state that Plaintiffs and/or Plaintiffs' Decedent's damages and/or injuries, if any, were the direct and unavoidable consequence of Decedent's pre-existing medical and physical conditions; Decedent's sensitivities and/or idiosyncrasies specific to Decedent which were unknown, unknowable, and

were not reasonably foreseeable to these Defendants; Decedent's subsequent and/or prior medical and/or physical condition and/or the treatments necessitated thereby; Decedent's medical and physical condition at the time Decedent presented for treatment; and/or Decedent's failure to notify physicians and/or other health care providers of changes in Decedent's condition, and were not caused or contributed to by the alleged wrongful conduct or negligent acts/omissions of these Defendants.

8. If a Defendant or other Party makes a settlement with Plaintiffs or if Plaintiffs receive anything of value from such a Party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiffs or, in the alternative, that the amount of payment or consideration should be set off against any judgment that may be entered against these Defendants. These Defendants states that they may claim reliance upon RSMo §537.060 and that these Defendants are entitled to a reduction in the amount of money from any verdict of any agreements and/or settlements with any Defendant herein, whether previously a Defendant, or currently a Defendant, including but not limited to any Party who has settled, or may in the future settle with Plaintiffs, and that these Defendants are entitled to a reduction of the claim or verdict against it by the stipulated amount of the agreement, or by the amount of consideration paid, whichever is greater.

9. Plaintiffs' cause of action is barred by the statute of limitations.

10. Pleading hypothetically and in the alternative, these Defendants state that the sole and proximate cause of Plaintiffs or Decedent's alleged injuries and

damages, if any, were the intervening acts or omissions of persons or entities other than these Defendants over whom these Defendants had no control.

11. In the event damages are awarded for future damages in excess of the amount specified in RSMo. § 538.220, said damages should be payable in periodic or installment payments.

12. Any verdict rendered in this case for future damages must be itemized and expressed by the trier of fact at present value pursuant to RSMo. § 538.215.2.

13. In the event non-economic damages are awarded to Plaintiffs, the limitation on non-economic damages (damage caps), provided under RSMo. § 538.210, or other applicable statute, shall be applied, and in accordance with RSMo. § 538.215, or said statute, any award of non-economic damages in excess of the limit shall be reduced by the Court to the maximum amount allowed by law.

14. Plaintiffs' First Amended Complaint fails to set forth special damages, or allegations with enough specificity or certainty.

15. The medical care provided to Decedent was within the applicable standard of care.

16. These Defendants states that maintenance of this cause of action violates these Defendants' right to due process.

17. Plaintiffs' First Amended Complaint must be dismissed since Plaintiffs failed to file the required healthcare affidavits.

18. Plaintiffs failed to state a claim for exemplary damages against these Defendants because Plaintiffs have not pled facts that demonstrate by clear and

convincing evidence that these Defendants engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

19. Plaintiffs' claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

(a) The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section of the Missouri Constitution, because the standards employed for awarding and assessing such damages are unconstitutionally vague;

(b) The submission and recovery of punitive damages by Plaintiffs in this case are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c) The submission and recovery of punitive damages by Plaintiffs in this case are barred by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States

and Article I, Section 2 of the Missouri Constitution, because the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

(d)     The submission and recovery of punitive damages by Plaintiffs in his case are barred by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 19, 3 and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect Defendants' rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e)     The submission and recovery of punitive damages by Plaintiffs in this case are barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution, because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are paid to the State of Missouri, thus constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case;

(f)     The award of punitive damages to Plaintiffs in this action would constitute a deprivation of these Defendants' property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

(g)     The submission and recovery of punitive damages in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the Unites States and Article I, Section 10 of the Missouri Constitution, because Plaintiffs' claims for punitive damages serve no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish these Defendants and deter conduct in the future.

(h)     To the extent applicable and to the extent these Defendants are being sued for tort claims under state law, punitive damages are prohibited and/or barred by RSMo. Section 537.610.

(i)     To the extent applicable and the extent these Defendants are being sued in a representative or official capacity under color of state law, Plaintiffs are not entitled to any punitive damage award against it because such damages may not be awarded against them in a claim under 42 U.S.C. Section 1983 pursuant to <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981) and its progeny.

20. Should it be determined that Plaintiffs are entitled to seek punitive damages against this Defendant at trial, this Defendant demands a bifurcated trial.

21. These Defendants state that in the event Plaintiffs are entitled to, or are awarded any damages, they are not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. Section 1997(e)e.

22. These Defendants state that maintenance of this cause of action violates these Defendants' rights to due process.

23. These Defendants state that Plaintiffs' First Amended Complaint is frivolous within the meaning of 28 U.S.C. Section 1915(d) as Plaintiffs have no reasonable likelihood of success on the merits.

24. These Defendants state that they are protected from liability and suit under the doctrines of qualified, absolute, judicial and official immunity.

25. These Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

## **DEMAND FOR TRIAL BY JURY**

These Defendants demand a trial by jury on all claims and issues asserted in this action.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendants Advanced Correctional Healthcare, Inc., Alan M. Weaver, Angela

Hutchison, Lisa Long, Jared Bethel and Jessie L. Caldwell request that this Court

dismiss Plaintiffs' First Amended Complaint at Plaintiff's own cost.

/s/ J. Thaddeus Eckenrode
J. Thaddeus Eckenrode, MO Bar No.: 31080
Lisa Howe, Mo. Bar No. 45072
ECKENRODE-BAUMAN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
lhh@eckenrode-law.com
*Attorneys for Defendant Advanced Correctional
Healthcare, Inc., Alan M. Weaver, Angela
Hutchison, Lisa Long, Jared Bethel and Jessie L.
Caldwell*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, and served by electronic mail on this 8th day of May 2026 to:

**Blake I. Markus**
Carson & Coil
515 East High Street
P.O. Box 28
Jefferson City, MO 6510
Phone: 573-636-2177
Fax: 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
Blake.M@carsoncoil.com
*Attorneys for Plaintiffs*

**Michael G. Berry**
**Grayson Smith**
Newman, Comley & Ruth, P.C.
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65101
(537) 634-2266 (Telephone)
(573) 636-3306 (Fax)
michaelberry@ncrpc.com
*Attorney for Defendants Christopher O'Toole, Aaron Light, Branden Austin, Leland Volner, Nicholas Fisher, Melissa Castaldi, and Alex Oberly*

**Jack Fleming**
Vessell Bridges Murphy Law Offices
3901 S. Providence Road, Ste. D
Columbia, MO 65203
(573) 777-4488 (Telephone)
(573) 777-4489 (Fax)
jack.fleming@vbmlaw.com
*Attorney for Defendants Boone County, Missouri, Sheriff Dwayne Carey, and Damon Reynolds*

*/s/ Joan Monninger*

Page **66** of **66**

Case 2:25-cv-04210-MDH     Document 50     Filed 05/08/26     Page 66 of 66