**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

DAVID JOHNSON, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　)　　　　Case No. 2:25-cv-4210-MDH
　　　　　　　　　　　　　　　　　)
BOONE COUNTY, MISSOURI, *et al.*,　)　　　**JURY TRIAL DEMANDED**
　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　)

**DEFENDANTS BOONE COUNTY, BOONE COUNTY SHERIFF DWAYNE CAREY,
AND DAMON REYNOLDS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (DOC. 46)**

Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon

Reynolds, by and through undersigned counsel, submit the following Suggestions in Support of

their Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 46).

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................3

I.      Introduction ...................................................................................................... 5

II.     Motion to Dismiss Standard ............................................................................ 6

III.    Argument .......................................................................................................... 6

      A.      Individual capacity claims against Sheriff Carey and Damon Reynolds must be dismissed. ................................................................................................ 7

      B.      Official capacity claims against Sheriff Carey and Damon Reynolds must be dismissed. ................................................................................................ 8

      C.      Count III – Deliberate Indifference (Unconstitutional Policy) ......................... 8

      D.      Count IV – Deliberate Indifference (Unconstitutional Custom) .................... 12

      E.      Count V – Deliberate Indifference (Failure to Train or Supervise) ............... 15

CERTIFICATE OF SERVICE ....................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page**

*Atkinson v. City of Mountain View, Mo.*,
    709 F.3d 1201 (8th Cir. 2013) ................................................................................16

*Aumick v. Berkshire*,
    2021 WL 12271641 (W.D. Mo. July 12, 2021) ...................................................8

*Bell v. City of Bourbon, Missouri*,
    2025 WL 973945 (E.D. Mo. Mar. 31, 2025)......................................................13

*Briggs v. City of St. Louis*,
    2022 WL 16635123 (E.D. Mo. Nov. 1, 2022) ...................................................15

*Curtis v. Christian Cnty., Missouri*,
    2018 WL 3451522 (W.D. Mo. July 17, 2018) ...................................................12

*Elbert v. City of Kansas City Missouri*,
    2019 WL 1374570 (W.D. Mo. Mar. 26, 2019)..............................................13, 14

*Hackney v. City of St. Louis*,
    2024 WL 3161616 (E.D. Mo. June 25, 2024)....................................................11

*Hardy v. City of Kansas City, Missouri*,
    2019 WL 7041512 (W.D. Mo. Dec. 20, 2019)...........................................9, 13, 15

*Jennings v. Wentzville R-IV Sch. Dist.*,
    397 F.3d 1118 (8th Cir. 2005) ........................................................................15

*Madewell v. Roberts*,
    909 F.2d 1203 (8th Cir. 1990) ..........................................................................7

*McNealy v. City of St. Louis, Missouri*,
    2024 WL 4817299 (E.D. Mo. Nov. 18, 2024) .................................................9, 17

*Mettler v. Whitledge*,
    165 F.3d 1197 (8th Cir. 1999) ........................................................................12

*Miller as Next Friend for Rippeto v. City of St. Louis*,
    2024 WL 1366797 (E.D. Mo. Mar. 31, 2024)..............................................16, 17

*Moore v. City of St. Louis*,
    2018 WL 1513336 (E.D. Mo. Mar. 27, 2018)....................................................7

Case 2:25-cv-04210-MDH    Document 57    Filed 05/26/26    Page 3 of 18

*New Prime, Inc. v. Amazon Techs., Inc.*,
2020 WL 9218533 (W.D. Mo. Aug. 13, 2020) ...................................................................6

*Pennington v. Hefner*,
2024 WL 2250403 (E.D. Mo. May 17, 2024)................................................................9, 10

*Schreiner v. Babbitt*,
2025 WL 1426090 (W.D. Mo. May 16, 2025)..................................................................13

*Scruggs v. City of St. Louis*,
2019 WL 6021845 (E.D. Mo. Nov. 14, 2019) ...................................................................9

*Sherman v. Am. Receivables Agency, LLC*,
2013 WL 12159434 (W.D. Mo. Jan. 31, 2013)..................................................................6

*Shirley v. Marion Cnty. Sheriff's Off.*,
2020 WL 2113409 (S.D. Ind. May 4, 2020) .....................................................................7

*S.M. v. Lincoln Cnty.*,
874 F.3d 581 (8th Cir. 2017) ..........................................................................................15

*Taylor v. Advanced Corr. Healthcare Inc.*,
2024 WL 1171738 (W.D. Mo. Mar. 14, 2024)................................................................15

*Troupe v. Young*,
2025 WL 1910566 (8th Cir. July 11, 2025) .....................................................................10

*Ulrich v. Pope Cnty.*,
715 F.3d 1054 (8th Cir. 2013) ........................................................................................11

*Veatch v. Bartels Lutheran Home*,
627 F.3d 1254 (8th Cir. 2010)..........................................................................................8

*Wilson v. Civ. Town of Clayton, Ind.*,
839 F.2d 375 (7th Cir. 1988)............................................................................................7

*Windeknecht v. First Jud. Cir. Prob. Div.*,
2024 WL 3251253 (E.D. Mo. July 1, 2024) .....................................................................7

**Rules**

FRCP 12(b)(6).........................................................................................................................6

**Statute**

42 U.S.C. § 1983............................................................................................ *passim*

4

## I.   <u>**Introduction**</u>

Plaintiffs (family members of decedent, Douglas Johnson) commenced a civil action against Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, Damon Reynolds (former Boone County Jail administrator), and 22 other defendants (other Boone County Jail employees, Advanced Correctional Healthcare, and ACH employees) on June 30, 2025, for the July 2, 2022, death of Douglas Johnson while he was being held in the Boone County Jail. Decedent was held at the Boone County Jail from June 29, 2022, to July 2, 2022, while he was withdrawing from fentanyl and other illegal drugs. Plaintiffs bring causes of action for wrongful death/medical malpractice (under Missouri state law) and four separate claims of deliberate indifference under 42 U.S.C. § 1983.

Defendants Boone County, Sheriff Carey, and Damon Reynolds are named in Counts III-V of the First Amended Complaint. Counts III-V are claims for deliberate indifferent policy, deliberate indifferent custom, and deliberate indifferent failure to train and supervise under § 1983 (*Monell* claims). Plaintiffs do not allege that Sheriff Carey or Damon Reynolds were directly or personally involved with decedent's medical care while he was detained in the Boone County Jail. The individual and official capacity claims against Sheriff Carey and Damon Reynolds should be dismissed because individual capacity claims cannot be brought under *Monell* and the official capacity claims against Sheriff Carey and Damon Reynolds are redundant of the *Monell* claims against Boone County. In addition, Plaintiffs fail to state *Monell* claims.

The Court should grant Defendants Boone County, Sheriff Carey, and Damon Reynolds' Motion to Dismiss and dismiss Plaintiffs' claims against them with prejudice.

## II. <u>Motion to Dismiss Standard</u>

Defendants Boone County, Sheriff Carey, and Damon Reynolds bring their present Motion to Dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully." *New Prime, Inc. v. Amazon Techs., Inc.*, 2020 WL 9218533, at \*1 (W.D. Mo. Aug. 13, 2020) (internal citations and quotations omitted). "[T]he Court need not accept as true a legal conclusion couched as a factual allegation." *Sherman v. Am. Receivables Agency, LLC*, 2013 WL 12159434, at \*1 (W.D. Mo. Jan. 31, 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *New Prime, Inc.*, 2020 WL 9218533, at \*1 (internal citation and quotation omitted).

Here, Defendants Boone County, Sheriff Carey, and Damon Reynolds are entitled to dismissal because Plaintiffs fail to state a claim upon which relief can be granted.

## III. <u>Argument</u>

Counts III-V of Plaintiffs' First Amended Complaint are *Monell* claims against Boone County, Sheriff Carey, and Damon Reynolds. *Monell* claims cannot be brought against Sheriff Carey and Damon Reynolds in their individual capacities, and the official capacity claims against them are redundant of the claims against Boone County. The claims against Sheriff Carey and Damon Reynolds should be dismissed. Also, Plaintiffs fail to state *Monell* claims against Boone County, so Boone County should also be dismissed from this lawsuit.

**A.** <u>**Individual capacity claims against Sheriff Carey and Damon Reynolds must be dismissed.**</u>

Counts III-V of Plaintiffs' First Amended Complaint are *Monell* claims. The caselaw is clear: *Monell* claims cannot be brought against officials in their individual capacities. "A *Monell* claim cannot be brought against an individual in his individual capacity." *Shirley v. Marion Cnty. Sheriff's Off.*, 2020 WL 2113409, at *2 (S.D. Ind. May 4, 2020). *See also Wilson v. Civ. Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("Because personal-capacity suits are really suits against the official as an individual, not against the government entity, *Monell* is always inapplicable."); *Windeknecht v. First Jud. Cir. Prob. Div.*, 2024 WL 3251253, at *3 (E.D. Mo. July 1, 2024) ("…*Monell* claims are **not** cognizable against officials in their individual capacities.") (emphasis added). Accordingly, the individual capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of the First Amended Complaint should be dismissed with prejudice.

In addition, Plaintiffs do not allege that Sheriff Carey or Damon Reynolds were personally involved in, or directly responsible, for the alleged constitutional violations against decedent. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). And vicarious liability is not applicable under § 1983. *See, e.g.*, *Moore v. City of St. Louis*, 2018 WL 1513336, at *4 (E.D. Mo. Mar. 27, 2018) ("As for Plaintiff's claims against Mayor Krewson in her individual capacity, there is no vicarious liability under § 1983. Government officials are personally liable only for their own misconduct."). (internal citation omitted).

So, the individual capacity claims against Sheriff Carey and Damon Reynolds should be dismissed because individual capacity claims are not cognizable under *Monell*. And, since Plaintiffs do not allege that Sheriff Carey or Damon Reynolds personally violated decedent's constitutional rights – because they did not have any personal involvement with decedent's care or

7

treatment in the Boone County Jail – any individual capacity claims against them should be dismissed.

**B.  Official capacity claims against Sheriff Carey and Damon Reynolds must be dismissed.**

Both Sheriff Carey and Damon Reynolds are sued in their official capacities in Counts III-V. *See* Doc. 46, p. 1 (case caption). Because Defendant Boone County is also named as a Defendant in those counts – and Sheriff Carey and Damon Reynolds are Boone County officials – the official capacity claims against them should be dismissed because they are redundant of the claims against Boone County. *See Aumick v. Berkshire*, 2021 WL 12271641, at *4 (W.D. Mo. July 12, 2021) ("The Eighth Circuit has long held that dismissal of official capacity claims against a government employee is appropriate where the plaintiff raises the same claims against the government employer."). *See also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity. Thus, the court properly dismissed the claim against Leonard as redundant of the claim against the City.") (internal citation omitted).

Accordingly, the official capacity claims against Sheriff Carey and Damon Reynolds in Counts III-V of Plaintiffs' First Amended Complaint should be dismissed with prejudice. Both Sheriff Carey and Damon Reynolds should be dismissed from this lawsuit because the individual and official capacity claims against them cannot survive the present Motion to Dismiss.

**C.  Count III – Deliberate Indifference (Unconstitutional Policy)**

Count III of Plaintiffs' First Amended Complaint alleges that Defendant Boone County (and Sheriff Carey and Damon Reynolds) had an unconstitutional policy related to the administration and operation of the Boone County Jail. (Doc. 46, p. 88, ¶ 437). Plaintiffs' claim in Count III is that Defendants Boone County, Sheriff Carey, and Damon Reynolds' inadequate

8

policies resulted in deliberate indifference to decedent's serious medical needs. *Id*. at ¶ 438. "Under a *Monell* analysis, a 'policy' points to a 'deliberate choice of a guiding principle or procedure' made by a municipal official with final authority over the matter at issue. An action by a city employee constitutes official municipal policy only when the 'decisionmaker in question possess final authority to establish municipal policy with respect to the action ordered.'" *Hardy v. City of Kansas City, Missouri*, 2019 WL 7041512, at *2 (W.D. Mo. Dec. 20, 2019) (internal citations and quotations omitted). "The elements of an 'official policy' claim are: A deprivation of a plaintiff's constitutional rights that results from the municipality's official policy. It is not enough for plaintiff to show that the municipality employed a person who violated the plaintiff's rights. Plaintiff must show that the violation resulted from the municipality's official policy." *Scruggs v. City of St. Louis*, 2019 WL 6021845, at *5 (E.D. Mo. Nov. 14, 2019). Plaintiffs' claim in Count III suffers from the same flaw identified in *Scruggs* – it is not enough to show that Boone County employed persons who allegedly violated decedent's constitutional rights.

Here, these Defendants are not liable for a policy that itself violates federal law because Plaintiffs have not alleged that. *See Pennington v. Hefner*, 2024 WL 2250403, at *3 (E.D. Mo. May 17, 2024). "But where on its face lawful, a plaintiff must provide evidence 'that the county's decision to maintain the policy was made with deliberate indifference to its known or obvious consequences. Deliberate indifference is established where the policymaker 'had notice of an alleged inadequacy in [its] policy' or 'the policy's alleged inadequacy was so patently obvious that the [policymaker] should have known that a constitutional violation was inevitable." *Id*. Since Plaintiffs do not allege that any of Boone County's policies are facially unlawful or unconstitutional, Plaintiffs' claim should be addressed as a claim for failure to train or supervise. *See, e.g.*, *McNealy v. City of St. Louis, Missouri*, 2024 WL 4817299, at *10, n. 6 (E.D. Mo. Nov.

18, 2024) ("By contrast, when an official policy is facially lawful, a plaintiff must frame his claim as a deliberately indifferent failure to train and supervise."). Accordingly, Plaintiffs' unconstitutional policy claim (Count III) should be dismissed for this reason alone.

In any event, Plaintiffs fail to state a claim for an unconstitutional policy. Here, Plaintiffs' allegations are premised upon jail and medical personnel's deliberate indifference to decedent's serious medical needs. Plaintiffs do not allege that Boone County, Sheriff Carey, or Damon Reynolds maintained or enacted any policy with deliberate indifference to its known or obvious consequences. Plaintiffs do not allege that these Defendants had notice of an alleged inadequacy in the jail policies or that the policies' alleged inadequacies were so patently obvious that they should have known that a constitutional violation was inevitable. *See Pennington*, 2024 WL 2250403, at \*3. Rather, Plaintiffs' allegation of deliberate indifference by these Defendants is conclusory – "Defendants knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described above created a high degree of probability of injury or death to Decedent." (Doc. 46, p. 91, ¶ 450). This conclusory allegation is insufficient to state a claim for an unconstitutional policy. *See, e.g.*, *Troupe v. Young*, 2025 WL 1910566, at \*12 (8th Cir. July 11, 2025) ("Essentially, there is no allegation that the policy prevented Catchings from receiving medical care; the allegation only implies that it prevented Catchings from 'receiv[ing] a particular or requested course of treatment.'").

Here, it is not plausible to claim that any Boone County Jail policy resulted in decedent being denied medical care that resulted in his death. (Doc. 46, p. 90, ¶ 441). Plaintiffs allege **<u>multiple</u>** instances in which decedent was seen by ACH nurses and his complaints were relayed to an ACH medical doctor. *See* Doc. 46, p. 28, ¶¶ 140-43; pp. 29-30, ¶¶ 144-152; p. 31, ¶¶ 158 and 162-64; p. 33, ¶ 176; p. 34, ¶ 187; pp. 35-36, ¶¶ 199-202; pp. 37-38, ¶ 218; and pp. 42-44, ¶¶ 254-

55, 259, and 262. So, the Boone County Jail policies could not plausibly have led to deliberate indifference to decedent's serious medical needs because Plaintiffs specifically alleged that decedent was seen and treated multiple times by Defendant ACH nurses and a doctor.

Also, Plaintiffs point to no prior incidents that would place these Defendants on notice that the jail policies were inadequate, unconstitutional, or were likely to result in a violation of a detainee's constitutional rights. *See, e.g.*, *Hackney v. City of St. Louis*, 2024 WL 3161616, at *4 (E.D. Mo. June 25, 2024) ("Plaintiff fails to point to any well-pleaded facts that would put the City's policymakers on notice **prior to the incidents complained of** by plaintiff that its lack of official policies were likely to result in a violation of constitutional rights in the manner alleged by plaintiff, or that the City's policymakers has such notice but consciously decided not to act.") (emphasis added). Here, Plaintiffs do not allege that these Defendants had notice of any alleged inadequacies in the jail policies and that the alleged inadequacies were likely to result in a violation of constitutional rights in a manner alleged by Plaintiffs.

And Plaintiffs do not allege that these Defendants had notice of any alleged inadequacies in the jail policies prior to the incident involving decedent and that the alleged inadequacies were likely to result in a violation of constitutional rights in a manner alleged by Plaintiffs. *See, e.g.*, *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) ("Generally, an isolated incident of alleged police misconduct, such as Ulrich alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983."). Plaintiffs do not allege any prior instances of opioid withdrawal deaths in the Boone County Jail. Plaintiffs do not allege any prior occasions where a detainee's opioid withdrawal was neglected or mismanaged by Boone County Jail employees. Plaintiffs fail to allege the required elements of notice and deliberate indifference that are necessary to state a claim for a deliberately indifferent policy under *Monell*.

11

Next, Plaintiffs fail to adequately allege that the jail policies were the moving force behind decedent's death. Plaintiffs make one conclusory allegation related to "moving force". *See* Doc. 46, p. 66, ¶ 367. This conclusory allegation fails to establish the causal link necessary to adequately allege an unconstitutional policy under *Monell*.

Finally, Plaintiffs' *Monell* claim in Count III is an attempt to hold these Defendants liable for the acts of their subordinates. For example, Plaintiffs allege that "Defendants' constitutional deprivations were objectively and subjectively unreasonable from the perspective of any reasonable staff member who would have been treating or caring for Decedent." (Doc. 46, p. 90, ¶ 443). However, Plaintiffs never allege that Sheriff Carey or Damon Reynolds cared for, treated, or even saw decedent while he was in jail. "Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). *See also Curtis v. Christian Cnty., Missouri*, 2018 WL 3451522, at *2 (W.D. Mo. July 17, 2018) ("Christian County may not be found liable under § 1983 based on a *respondeat superior* theory."). Likewise, here, Defendants Boone County, Sheriff Carey, and Damon Reynolds cannot be held liable under § 1983 based on a *respondeat superior* theory.

Accordingly, Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count III of Plaintiffs' First Amended Complaint should be granted.

### D.     Count IV – Deliberate Indifference (Unconstitutional Custom)

Count IV of Plaintiffs' First Amended Complaint alleges that Defendants Boone County, Sheriff Carey, Damon Reynolds, and Defendant ACH had an unconstitutional custom related to medical care and treatment of inmates suffering from opioid withdrawal. "For municipal liability to arise under an unofficial custom, Plaintiff must show:

12

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation."

*Hardy*, 2019 WL 7041512, at \*3 (internal citations and quotations omitted). Here, Plaintiffs fail to allege all three elements necessary to plead an unconstitutional custom claim under *Monell*.

First, Plaintiffs do not allege even one prior instance of unconstitutional conduct by Boone County Jail employees related to the handling of a detainee's withdrawal from opioids. Plaintiffs' allegations again only relate to decedent's own situation. Plaintiffs fail to allege a ***continuing, widespread, persistent pattern of unconstitutional misconduct*** by Boone County's employees. Plaintiffs only identify actions related to decedent's own situation, over a couple days in which decedent was admittedly seen numerous times by Defendant ACH medical personnel. *See, e.g.*, *Bell v. City of Bourbon, Missouri*, 2025 WL 973945, at \*5 (E.D. Mo. Mar. 31, 2025) ("The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law.") (internal citation and quotation omitted). Without any other instances of similar misconduct, Plaintiffs fail to state a claim for a continuing, widespread, persistent pattern of unconstitutional misconduct. *See, e.g.*, *Schreiner v. Babbitt*, 2025 WL 1426090, at \*4 (W.D. Mo. May 16, 2025) ("Furthermore, the complaint does not contain allegations of other similar incidents that might stem from an unofficial custom."). *See also Elbert v. City of Kansas City Missouri*, 2019 WL 1374570, at \*3 (W.D. Mo. Mar. 26, 2019) ("As to the first element, Plaintiff has not identified any other transgressions that have occurred despite his own; therefore, Plaintiff cannot demonstrate

13

a pattern of unconstitutional conduct has taken place."). Like *Elbert* (which was decided at the motion to dismiss stage), Plaintiffs have not identified any other transgressions that occurred at the Boone County Jail despite his own. Because Plaintiffs fail to allege a continuing, widespread, persistent pattern of unconstitutional misconduct by Boone County's employees, Plaintiffs have failed to state a claim of an unconstitutional custom under *Monell*.

Second, Plaintiffs fail to sufficiently allege the notice requirement of an unconstitutional custom claim. *See, e.g.*, *Elbert*, 2019 WL 1374570, at *3 ("…Plaintiff does not allege that an official with appropriate authority to make policy decisions received notice of the complaints and acted with deliberate indifference after receiving such notice."). Plaintiffs never allege that these Defendants were ever notified of any prior complaints or instances related to unconstitutional or deficient medical treatment for detainees suffering from fentanyl or opioid withdrawal. Again, Plaintiffs fail to point to even one prior situation that would have notified these Defendants of a widespread, persistent pattern of unconstitutional misconduct. Therefore, Plaintiffs fail to adequately allege the second element required to plead the existence of an unconstitutional custom claim under *Monell*.

Third, Plaintiffs' lone conclusory allegation related to causation (Doc. 46, p. 66, ¶ 367) fails to establish the causal link necessary to adequately allege an unconstitutional custom under *Monell*. Plaintiffs fail to allege sufficient, non-conclusory facts to support their claim that Boone County's alleged custom was the moving force behind the alleged constitutional violation against decedent.

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count IV of Plaintiffs' First Amended Complaint should be granted.

### E.     <u>Count V – Deliberate Indifference (Failure to Train or Supervise)</u>

Finally, Plaintiffs' claim of deliberately indifferent failure to train or supervise should be dismissed. "To make a case for liability under § 1983 for failure to train or supervise, Plaintiffs must demonstrate: 1) the existence of a clear and persistent pattern of constitutional violations by employees; 2) notice or constructive notice on the part of the municipality; (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in failing to act can be said to amount to an official policy of inaction; and 4) that the failure to act was the moving force or direct causal link in the constitutional deprivation." *Taylor v. Advanced Corr. Healthcare Inc.*, 2024 WL 1171738, at *5 (W.D. Mo. Mar. 14, 2024). "To establish this claim, Plaintiff must show that Defendant had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Hardy*, 2019 WL 704151, at *4.

First, Plaintiffs fail to allege a clear and persistent pattern of unconstitutional conduct by Boone County employees. "*Monell* claims based on a failure to train must pass a higher bar than other *Monell* claims." *Briggs v. City of St. Louis*, 2022 WL 16635123, at *3 (E.D. Mo. Nov. 1, 2022). Plaintiffs again only identify the alleged constitutional violations and deficiencies related to decedent's own situation. *See, e.g.*, *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.") (internal citation omitted). Here, Plaintiffs have not alleged a ***clear and persistent pattern*** of similar constitutional violations by untrained employees. Therefore, Plaintiffs' failure to train or supervise claim fails.

Second, Plaintiffs fail to allege that these Defendants had notice that Boone County's training and supervision were inadequate. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1123 (8th Cir. 2005) ("Because the District did not have notice that its training policy was

15

inadequate, the parents have failed to show deliberate indifference.") (internal citation omitted). Likewise, here, Plaintiffs have failed to sufficiently allege that Boone County, Sheriff Carey, or Damon Reynolds had notice that their training procedures and supervision were inadequate. Plaintiffs fail to allege other similar situations that would have alerted them to the alleged deficiencies in their training and supervision related to detainees undergoing opioid withdrawal. And, in fact, decedent here was seen numerous times by Defendant ACH medical personnel. So, again, Plaintiffs' claim related to failure to train or supervise fails at the pleading stage. *See, e.g.*, *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1217 (8th Cir. 2013) ("Absent some form of notice, the city cannot be deliberately indifferent to the risk that its training or supervision of Sanders would result in 'a violation of a particular constitutional or statutory right.'").

Third, Plaintiffs never alleged that Boone County (or Sheriff Carey or Damon Reynolds) ever approved of any unconstitutional conduct, such that any alleged failure to act can be said to amount to an official policy of inaction. Here, Plaintiffs do not identify even one other fentanyl withdrawal death occurring in the Boone County Jail. Plaintiffs do not allege anything that would show that Boone County, Sheriff Carey, or Damon Reynolds were on notice of any alleged failure to train or supervise as to any of the Boone County Jail employees.

Finally, because Plaintiffs have failed to sufficiently allege an unconstitutional failure to train or supervise, they cannot allege – and fail to allege – that any alleged failure to train or supervise was the moving force behind the constitutional violation in this case. Plaintiffs' lone conclusory allegation related to causation (Doc. 46, p. 66, ¶ 367) fails to establish the causal link necessary to adequately allege an unconstitutional failure to train or supervise under *Monell*. *See Miller as Next Friend for Rippeto v. City of St. Louis*, 2024 WL 1366797, at \*5 (E.D. Mo. Mar. 31, 2024) ("Plaintiffs allege, for example, that Defendants 'failed to adequately train the jail staff to

16

recognize when a detainee needed medical assessment, evaluation and/or attention.' That conclusion is not supported by facts about, for example, the jail's current training plan, how that training compares to the training at other jails, or a single specific instance of the staff failing to recognize an inmate's serious medical condition, other than Robert Miller's."). Plaintiffs suffer from the same shortcomings that the Court noted in *Miller*. Like the Court in *Miller* (which was decided at the motion to dismiss stage), this Court should dismiss Plaintiffs' claim for failure to train and supervise.

To the extent that Plaintiffs claim that Sheriff Carey and Damon Reynolds are liable for failure to train or supervise in their individual capacities, such allegations fail to state a claim and qualified immunity applies. "[A] supervisor is entitled to qualified immunity unless the plaintiff can show that the supervisor (1) received notice of a pattern of unconstitutional acts by a subordinate and (2) was deliberately indifferent to or authorized those acts." *McNealy*, 2024 WL 4817299 at *8. Sheriff Carey and Damon Reynolds are entitled to qualified immunity because Plaintiffs do not allege that they received notice of a pattern of unconstitutional acts committed by subordinates or that they were deliberately indifferent to or authorized those acts. Plaintiffs do not point to any prior, similar instances of misconduct by Boone County employees that would have placed Sheriff Carey or Damon Reynolds on notice. *See, e.g.*, *Miller*, 2024 WL 1366797, at *4 ("Because Plaintiffs failed to plead anything more than conclusory allegations that Defendants Clemons-Abdullah and Barnes had notice of a pattern of unconstitutional acts committed by their subordinates, Clemons-Abdullah and Barnes are entitled to qualified immunity..."). Sheriff Carey and Damon Reynolds are entitled to qualified immunity because Plaintiffs fail to allege that Sheriff Carey and Damon Reynolds had notice of a pattern of unconstitutional acts committed by their subordinates.

17

Defendants Boone County, Sheriff Dwayne Carey, and Damon Reynolds' Motion to Dismiss as to Count V of Plaintiffs' First Amended Complaint should be granted.

WHEREFORE, Defendants Boone County, Missouri, Boone County Sheriff Dwayne Carey, and Damon Reynolds respectfully request the Court grant their present Motion to Dismiss, dismiss all claims against them in Plaintiffs' First Amended Complaint (Doc. 46) with prejudice, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

VESSELL BRIDGES MURPHY LAW OFFICES

By: */s/ Jack Fleming*
    Jack Fleming, MO Bar #68072
    3901 S. Providence Road, Suite D
    Columbia, MO 65203
    (P) 573-777-4488
    (F) 573-777-4489
    jack.fleming@vbmlaw.com
    **ATTORNEYS FOR DEFENDANTS**
    **BOONE COUNTY, MISSOURI,**
    **SHERIFF DWAYNE CAREY,**
    **& DAMON REYNOLDS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, a true and correct copy of the above and foregoing document was filed electronically with the Court to be served on all counsel of record via operation of the Court's electronic filing system.

By: */s/ Jack Fleming*
    Jack Fleming

18